STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID KAPIOHO SPENCER, JR., Defendant-Appellant

NO. 11181

(CRIMINAL NO. 85-292)

SEPTEMBER 30, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

This appeal concerns the issue of whether a felon who violates Hawaii Revised Statutes (HRS) § 134-7(b) (Supp. 1984) commits a class B or a class C felony for the purpose of sentencing. Defendant-Appellant David Kapioho Spencer, Jr., a convicted felon, pled guilty to possession of a firearm in violation of HRS § 134-7(b). The trial court sentenced Spencer to a 10-year prison term, the maximum term for a class B felony.

HRS § 134-7(f) (Supp. 1984) states that a felon who violates § 134-7(b) is guilty of a class B felony. The maximum prison term for a class B felony is 10 years. HRS § 706-660(1) (Supp. 1984). However, HRS § 706-610(2) (1976) of the Hawaii Penal Code provides that any felony defined by statute outside the Penal Code is a class C felony for the purpose of sentencing. The maximum prison term for a class C felony is 5 years. HRS § 706-660(2) (Supp. 1984).

Asserting that HRS § 134-7(f) is invalid, Spencer contends the trial court erred in imposing the term applicable to a class B felony. He argues that the court should have imposed the 5-year maximum term for a class C felony pursuant to HRS § 706-610(2).

In 1972, the legislature enacted HRS § 706-610 as part of the original Hawaii Penal Code. Act 9, § 1, 1972 Haw. Sess. Laws 32, 73. Section 706-610(2) reads: "Notwithstanding any other provision of law, a felony defined by any statute of this State other than this Code shall constitute for the purpose of sentence a class C felony." Prior to its amendment in 1981, HRS § 134-7(c) (1976) read: "Any person violating this section [134-7] shall be guilty of a class c felony." In 1981, the legislature amended the section to make violation of § 134-7(b) by a felon a class B

felony.[1] Act 239, § 5, 1981 Haw. Sess. Laws 462, 466. Neither the House nor the Senate Journal concerning this legislation reveals any discussion concerning the conflict with § 706-610(2).

Generally, where a specific and a general statute overlap in their application, effect will be given to both if possible, since repeal by implication is disfavored. *State v. Kuuku,* 61 Haw. 79, 82, 595 P.2d 291, 294 (1979). However, where there is a "plainly irreconcilable" conflict between a specific statute and a general statute concerning the same subject matter, the specific statute will be favored. *See State v. Pacariem,* 67 Haw. 46, ___, 677 P.2d 463, 464 (1984).

The statutory provisions in the present case are plainly irreconcilable since it is impossible for a § 134-7(b) violation by a felon to be both a class B and a class C felony. Section 706-610(2) is general. It concerns all felonies defined by statute outside the Penal Code. Section 134-7(f) is specific. It classifies violations of subsection (b) as class B or C depending upon whether or not the offender is a felon. Therefore, we hold that the specific provision, § 134-7(f), supersedes the general provision of § 710-610(2).

This conclusion is further supported by the presumptive validity of legislative enactments. *Levy v. Kimball,* 51 Haw. 540, 545, 465 P.2d 580, 583 (1970). Statutes should be interpreted to give them effect. *Id.* Were we to apply § 710-610(2), the 1981 amendment designating possession of a firearm by a felon as a class B felony would be nullified.

The lower court properly imposed the sentence applicable to a class B felony.

Affirmed.

*Susan Barr (Richard E. Icenogle, Jr.,* with her on the brief), Deputy Public Defenders for Defendant-Appellant.

*Frederick Giannini,* Deputy Prosecuting Attorney, Counsel of Record for Plaintiff-Appellee.

---

[1]HRS § 134-7(f) (Supp. 1984) reads in part: "Any person violating subsection (a) or (b) shall be guilty of a class C felony, provided that any felon violating subsection (b) shall be guilty of a class B felony."