STATE OF HAWAII, Plaintiff-Appellee, *v.* RICHARD CORREA, Defendant-Appellant

NO. 11967

(CRIMINAL NO. 6793)

. AND

STATE OF HAWAII, Plaintiff-Appellee, *v.* RICHARD CORREA, Defendant-Appellant

NO. 11968

(CRIMINAL NO. 6791)

OCTOBER 23, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

The sole issue in this appeal is whether, under Hawaii Revised Statutes (HRS) § 706-671(2), a probationer who violates his probation, may receive credit, upon subsequent resentencing, for time spent during the probationary period at a non-state-run rehabilitation facility.

I.

On February 1, 1982, Appellant was sentenced for concurrent

prison terms of ten years for Burglary in the First Degree and five years for Attempted Burglary in the Second Degree under HRS §§ 708-810, 708-811, and 702-222(1)(b). Upon reconsideration, a court of the Third Circuit modified this sentence under HRS Chapter 706 and put Appellant on probation, with a condition of probation being entering and completing a drug rehabilitation program at Habilitat. On May 13, 1982, Appellant entered the program. On October 22, 1984, after approximately two years and five months in the program, Appellant voluntarily violated the terms of probation by leaving Habilitat without permission.[1] Appellant's probation was revoked on February 26, 1986 with the circuit court reimposing the original sentence of ten years and five years to be served concurrently. Appellant moved to have this sentence reduced by the amount of time spent in Habilitat under HRS § 706-671(2). On January 7, 1987, the circuit court issued its findings of fact and conclusions of law and denied Appellant's request.

## II.

HRS § 706-671(2) reads in pertinent part:

*Credit for time of detention prior to sentence; credit for imprisonment under earlier sentence for same crime.*

 * * * *

(2) When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence. The officer having custody of the defendant shall furnish a certificate to the court . . . showing the period of imprisonment served under the original sentence[.]

As we read HRS § 706-671(2), after the vacation of a sentence and upon the reimposition of a new sentence for the same crime, a person may only be given a deduction in the length of the second

---

[1] Appellant was subsequently placed in another rehabilitation program as a condition of a subsequent resentencing. Appellant broke the rules of this program and was also convicted of Negligent Homicide in the Second Degree under HRS § 707-704.

sentence for the period of time spent in "detention and imprisonment" while serving the first sentence. This is what the language of the statute requires. In the instant case, Appellant was sentenced to probation and not imprisonment. Therefore, HRS § 706-671(2) is inapplicable to him.

Appellant argues that when read in conjunction with HRS § 706-671(1),[2] the statute as a whole requires that he be given credit for time in Habilitat because that facility comes within the definition of "other institution." We disagree. We do not look to this first section of HRS § 706-671 to interpret the meaning of the second section of the statute on appeal. HRS § 706-671(2) states that '[t]he officer having custody of the defendant shall furnish a certificate . . . showing the period of imprisonment served under the original sentence. . . ." This clearly indicates that the time spent imprisoned during the previous sentence is the only time to be considered when reducing the length of the subsequent sentence for the same crime.[3] As stated above, Appellant was not originally sentenced to imprisonment, and therefore can receive no reduction of his reimposed sentence under HRS § 706-671(2).[4]

The order appealed from is affirmed.

*Arne T. Henricks* for Defendant-Appellant.

*Charlene Y. Iboshi,* Deputy Prosecuting Attorney, for Plaintiff-Appellee.

---

[2] HRS § 706-671(1) reads in pertinent part:

*Credit for time of detention prior to sentence; credit for imprisonment under earlier sentence for same crime.* (1) When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following his arrest for the crime for which sentence is imposed, such period of detention following his arrest shall be deducted from the minimum and maximum terms of such sentence.

[3] A careful reading of HRS § 706-671 reveals that a similar provision is also included in the first section of the statute. Therefore, Appellant's argument is further weakened because although detention is required for the post-arrest and pre-sentence period, imprisonment is clearly required under HRS § 706-671(2).

[4] Although Appellant relies on several Alaska cases to support his position, these cases interpret an Alaska statute which uses the term "custody," whereas the Hawaii statute in question uses the term "imprisonment." Therefore, these case are not dispositive.