**STATE OF HAWAII**, Plaintiff–Appellee, v. **BYRON CLOVIS BRANT**, Defendant–Appellant

NO. 14707

(CR. NO. 60507)

JUNE 25, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendant–appellant Byron Brant appeals his sentence imposed by the court after he was found to have violated his probation. Appellant challenges the court's computation of credit for the time he served in federal detention for unrelated offenses.

According to appellant, he is entitled to credit for time served from the date the State requested that he be held for extradition upon his release from federal custody. We disagree and affirm.

## I.

On April 4, 1985, appellant pled guilty to Theft in the First Degree, Hawaii Revised Statutes (HRS) § 708–831(1)(b) (1985), and was sentenced to five years probation. Subject to conditions of his probation, appellant was permitted to move to California. On May 15, 1987, a bench warrant was issued for appellant's arrest for violating the terms and conditions of his probation.

On November 10, 1988, appellant was convicted in the federal court in Louisiana for False Impersonation of an Officer or Employee of the United States and Possession of a Firearm by a Convicted Felon and was sentenced to two years of imprisonment. The State, on December 5, 1988, was informed that appellant was being held in a federal facility in Louisiana. On January 18, 1989, a "detainer"[1] was placed on appellant pursuant to the State's request that appellant be held for extradition upon his release from the federal facility.

Based on good conduct, appellant was granted early release from the federal facility on April 24, 1990. Appellant was then incarcerated with the Bowie County, Texas Sheriff's Office pending return to Hawaii. On May 16, 1990, appellant was returned to State custody, and the bench warrant previously issued was formally served upon him.

After a hearing, appellant's probation was revoked, and he was resentenced to a five–year term of incarceration. Appellant

---

[1] Federal prison forms label the State's request to be notified before appellant's release a "detainer"; however, the State's request is not pursuant to HRS Chapter 834, Agreement on Detainers.

was given credit for 263 days for time previously served, which included time served in State custody on the original theft charge as well as time served in custody after being released from federal detention. Appellant, however, argued that he should receive credit for an additional 461 days for the time he served in the federal facility after the State requested he be held for extradition upon his release from federal detention. The court, however, denied credit for the period appellant was in federal custody finding that HRS § 706–671 did not permit credit under the circumstances of this case. This conclusion we now consider on appeal.

## II.

HRS § 706–671(2) provides in pertinent part:

Credit for time of detention prior to sentence; credit for imprisonment under earlier sentence for same crime.

. . . .

(2) When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence.

Initially, we note that contrary to appellant's assertion, nothing in the statute allows a court discretion to decide whether to credit time already served for the same offense. Section 706–671 clearly mandates credit for time served in detention or imprisonment when a sentence is vacated and new sentence is thereafter imposed.

Furthermore, we find appellant's analogy between the statute and HRS Chapter 834, Agreement on Detainers (Agreement), unpersuasive. Chapter 834 is inapplicable to this case. The

Agreement applies only where criminal charges are *pending* in another jurisdiction. Moreover, the Agreement does provide for automatic credit for time served.

## III.

Appellant primarily claims that pursuant to § 706–671 he is entitled to credit for the time he served in federal detention after the State requested he be held for extradition upon his release. We have previously held that § 706–671(2) is inapplicable where a defendant is sentenced to probation and not imprisonment. *State v. Correa*, 69 Haw. 407, 408–09, 744 P.2d 84, 85 (1987).

Appellant, however, contends that he was effectively under detention for his Hawaii theft conviction because of the detainer filed against him by the State. According to appellant, the detainer prevented his participation in federal rehabilitation programs, such as rehabilitative work and furlough programs, and prevented his being released to a halfway house or transferred to a prison camp.

Recently, we have rejected a similar argument. *State v. Kami*, 71 Haw. 612, 801 P.2d 1206 (1990). In *Kami*, defendant was convicted of robbery in the second degree and was sentenced to probation. Subsequently, after defendant had pled guilty to other unrelated offenses, the court conducted a hearing, revoked defendant's probation and resentenced him to ten years incarceration. Defendant argued that he was entitled to credit for time already served in the subsequent offenses because, according to defendant, his probation had been terminated by his incarceration for the subsequent offenses.

We disagreed. We found that under HRS § 706–629(3)(a) imprisonment does not toll a prior probation sentence. Furthermore, before a probation sentence is revoked, Hawaii law requires a hearing. *See* HRS § 706–625(a). Because defendant's probation had not been revoked, no new sentence existed for which

defendant could receive credit for the time served prior to his resentencing hearing.

Similarly, in this case, appellant was on probation for theft when he was incarcerated for impersonating a federal officer and being a felon in possession. Clearly, appellant's probation was not revoked by his incarceration in the federal facility. No hearing to revoke appellant's probation was held until after his return to Hawaii. Section 706–671(2) therefore does not entitle appellant to credit for time served while on probation.

Lastly, we note that the detainer which appellant claims prevented his participation in certain federal rehabilitation programs merely requested that federal prison officials notify the State of appellant's release date in order for the State to take custody of him. The detainer had no legal effect on the decision of federal authorities to place appellant in one or another federal program.

Accordingly, under § 706–671(2), appellant is not entitled to credit for the time he served in federal detention for unrelated federal offenses. Affirmed.

*William E. McGrath*, Deputy Public Defender, for defendant–appellant.

*Alexa D. M. Fujise*, Deputy Prosecuting Attorney, for plaintiff–appellee.