893 P.2d 194

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Nathan K. DELIMA, Defendant–Appellant.**

**No. 17565.**

Supreme Court of Hawai'i.

April 19, 1995.

Theodore Y.H. Chinn, Deputy Public Defender, on the briefs, Honolulu, for defendant-appellant.

Patricia A. Loo, Deputy Prosecuting Atty., City and County of Honolulu, on the briefs, Honolulu, for plaintiff-appellee.

Before MOON, C.J., KLEIN, LEVINSON, and RAMIL, JJ., and WATANABE, Circuit Judge, in place of NAKAYAMA, J., Recused.

RAMIL, Justice.

Defendant–Appellant Nathan K. Delima appeals from the circuit court's Order of Revocation of Probation and Resentencing. Delima argues that his new sentence is illegal because: (1) his sentence fails to credit the period of "detention and imprisonment" served as a condition of probation as required by Hawai'i Revised Statutes (HRS) § 706–671(2) (1985); and (2) by refusing to credit the time served, this sentence will imprison Delima beyond the maximum term allowed by statute and, therefore, subject him to "multiple punishment for the same offense" or double jeopardy.

For the reasons stated below, we agree that the circuit court should have credited Delima's new sentence for the period of imprisonment that he already served. Therefore, we vacate the circuit court's resentencing order and remand this case for further proceedings consistent with this opinion.

## I. FACTS

On July 1, 1987, Delima was indicted on five counts[1]: (1) Count I, Place to Keep Firearm in violation of HRS § 134-6 (1985)[2]; (2) Count II, Driving Under the Influence of Intoxicating Liquor (DUI) in violation of HRS § 291–4(a)(1) (1985 & Supp.1986)[3]; (3) Count III, DUI in violation of HRS § 291-4(a)(2) (1985 & Supp.1986); (4) Count IV, Resisting an Order to Stop Motor Vehicle in violation of HRS of § 710–1027 (1985)[4]; and (5) Count V, Driving While License Suspended in violation of HRS § 287–44(d) (1985)[5].

On July 25, 1989, as part of a plea bargain, Delima entered a no-contest plea to Counts

---

1. The Indictment charged that all the offenses occurred on June 25, 1986.

2. HRS § 134–6 provides in relevant part:

**Place to keep firearms; loaded firearms, when prohibited.** Except as provided ..., the possession of all firearms and ammunition shall be confined to the possessor's place of business, residence, or sojourn

....

....

Any person violating the provisions of this section by carrying or possessing a loaded firearm, or carrying or possessing a pistol or revolver, loaded or unloaded, without a permit issued ..., shall be guilty of a class C felony.

3. HRS §§ 291–4(a)(1) and (2) provide:

**Driving under influence of intoxicating liquor.**
(a) A person commits the offense of driving under the influence of intoxicating liquor if:
(1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor; or

(2) The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood....

4. HRS § 710–1027 provides:

**Resisting an order to stop a motor vehicle.**
(1) A person commits the offense of resisting an order to stop a motor vehicle if he intentionally fails to obey a direction of a peace officer, acting under color of his official authority, to stop his vehicle.
(2) Resisting an order to stop a motor vehicle is a misdemeanor.

5. HRS § 287–44(d) provides:

Any person whose license has been suspended or revoked under this chapter and who during the suspension or revocation drives any motor vehicle upon any highway or knowingly permits any motor vehicle to be operated by another upon any highway except as permitted under this chapter shall be fined not more than $500 or imprisoned not more than six months, or both.

II, IV, and V. Plaintiff–Appellant State of Hawai'i (the prosecution) moved to nolle prosequi Counts I and III, which the circuit court thereafter allowed.

On September 14, 1989, the court sentenced Delima to the following: (1) for Count II, a fine of $150, a ninety days driver license suspension, and fourteen hours of alcohol abuse education and counseling; (2) for Count IV, one year of probation with special conditions that Delima follow reasonable instructions given by the probation officer, pay a $100 fine, refrain from the use of alcohol and drugs, submit to drug and/or alcohol testing, obtain mental health treatment, and maintain gainful employment; and (3) for Count V, a $50 fine.

On August 27, 1990, the prosecution filed a Motion for Revocation of Probation, Resentencing and Issuance of Bench Warrant on the grounds that Delima failed to report to the Adult Probation Division and that he was arrested seven times for offenses that included abuse of a family and household member, contempt of court, and promotion of a dangerous drug. On September 25, 1990, the court revoked Delima's probation and entered a first Order of Resentencing as to Count IV that was similar to the original sentence but with a new one-year term of probation beginning September 25, 1990.

On February 22, 1991, the prosecution filed a second Motion for Revocation of Probation and Resentencing on the grounds that Delima used marijuana, amphetamine, methamphetamine, and failed to pay his fine. On April 25, 1991, the court revoked Delima's probation and entered a second Order of Resentencing as to Count IV that was similar to the original sentence of probation but with a new term of one-year probation commencing April 25, 1991.

On April 15, 1992, the prosecution filed a third Motion for Revocation of Probation, Resentencing and Issuance of Bench Warrant on the grounds that Delima failed to keep scheduled appointments with his probation officer, failed to obtain health treatment services, failed to enter and remain in the alcohol abuse education and counseling program, and failed to pay a fine. On June 22, 1992, the court revoked Delima's probation

and entered a third Order of Resentencing as to Counts II, IV, and V that was similar to the original sentence but with a new one-year term of probation.

On October 7, 1992, the prosecution filed a fourth Motion for Revocation of Probation, Resentencing and Issuance of Bench Warrant on the grounds that: (1) Delima was arrested for numerous offenses involving drugs, firearms, theft, and the abuse of a household member; (2) he failed to report to his probation officer; (3) he tested positive for drugs; (4) he failed to obtain mental health treatment services; (5) he failed to enter a drug/alcohol treatment program; (6) he failed to enter a fourteen-hour alcohol abuse education and counseling program; and (7) he failed to pay his fine. On January 22, 1993, the court revoked Delima's probation and entered a fourth Order of Resentencing. In resentencing, the court sentenced Delima to concurrent one-year terms of imprisonment for Counts II, IV, and V, with credit for time served.

On March 4, 1993, Delima filed a Motion for Reconsideration of Sentence. On March 15, 1993, the court granted the motion, entered a fifth Order of Resentencing, and resentenced Delima to a six-month term of probation with special conditions, *inter alia*, that he serve six months of imprisonment for Counts II, IV, and V, with credit for time served.

On July 8, 1993, the prosecution filed its fifth Motion for Revocation of Probation, Resentencing and Issuance of Bench Warrant on the grounds that: (1) Delima failed to report to his probation officer; (2) he failed to report his change of address; and (3) he failed to enter a drug/alcohol treatment program as instructed. At the resentencing hearing on October 8, 1993, the following exchange took place:

THE COURT: Okay. Well, as I've indicated and I've looked at this matter previously, *the court will not give Mr. Delima credit for the six months previously served. It's the court's opinion this is a new sentence and as such the court can impose any—any of the conditions or the full sentence that it could originally have*

346

*imposed on Mr. Delima.* Otherwise, it would really render the revocation process meaningless, or it could render it meaningless, so I do not believe that the intent of the statute regarding credit for time served applies in a situation of resentencing.

[DELIMA'S ATTORNEY]: Well, again, your honor, I mean, it would not make it a nullity here because it would still be less than the one year. That would make it approximately four months left on the sentence and we would ask that that [sic] would be a sufficient sentence at this time since it is for probation—I mean, a misdemeanor.

THE COURT: I understand it would not be—what you're saying but I think that legally the court can impose the maximum and I think, under these circumstances, will proceed as—as my sentence.

[THE PROSECUTION]: Your honor, further clarification, he was arrested in—in—for this motion for revocation, which was filed on July 8, [19]93. He was arrested on July 29, 1993, for the credit for time served.

THE COURT: Yes. I always reserve jurisdiction on credit for time served. If there's a problem, if there's a problem, then you may bring it back to me but it would be from the date of last arrest. And mittimus will issue forthwith.

In entering this sixth Order of Resentencing, the court revoked Delima's probation, sentenced him to the maximum one-year term of imprisonment, and ruled that he would not receive credit for the six months time served pursuant to the fifth Order of Resentencing. The court only credited Delima "for time served on [Delima's] most recent arrest in connection with [this sixth Order of Revocation]" and stated that this sixth resentencing pertained only to Count IV.

Thereafter, Delima filed a timely appeal from the sixth Order of Resentencing.

## II.  *STANDARD OF REVIEW*

" 'The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the ab-

sence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed.' "  *State v. Gaylord,* 78 Hawai'i 127, ——, 890 P.2d 1167, 1184 (1995) (quoting *State v. Valera,* 74 Haw. 424, 439, 848 P.2d 376, 383, *reconsideration denied,* 74 Haw. 650, 853 P.2d 542 (1993)).

■  This case involves statutory construction, and interpreting a statute is a question of law reviewable *de novo.  Pacific Int'l Services Corp. v. Hurip,* 76 Hawai'i 209, 216, 873 P.2d 88, 95 (1994).

## III.  *DISCUSSION*

Delima contends that the sixth Order of Resentencing is illegal because it fails to credit the period of "detention and imprisonment" previously served as a condition of probation, as required by HRS § 706–671(2) (1985), and, therefore, subjects him to "multiple punishment for the same offense" or double jeopardy.

HRS § 706–671(2) (1985) mandates that credit for time served in prison in connection with an offense be deducted from the minimum and maximum term of imprisonment of the new sentence.  The subsection provides:

(2) When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, *the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence.*  The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the period of imprisonment served under the original sentence, and the certificate shall be annexed to the official records of the defendant's new commitment.

HRS § 706–671(2) (emphasis added).

However, in entering the sixth Order of Resentencing, the circuit court reasoned:

It's the court's opinion this is a new sentence and as such the court can impose any—*any of the conditions or the full sentence that it could originally have imposed* on Mr. Delima.  Otherwise, it would really

render the revocation process meaningless, or it could render it meaningless[.]

The court appears to rely on HRS § 706–625(e) (Supp.1992), which states "[w]hen the court revokes probation, it may impose on the defendant *any sentence that might have been imposed originally for the crime of which he [or she] was convicted.*" (Emphasis added.)

Delima argues that nothing in HRS § 706–625 bars the application of HRS § 706–671 where a sentence of imprisonment is imposed. Delima further contends that HRS § 706–671(2) mandates that the circuit court credit his new sentence of imprisonment by the amount of time that he served in prison as a condition of probation.

Accordingly, the issue before us is whether the statutory language of HRS § 706–625(e), which authorizes the court to impose any sentence that might have been originally imposed, bars the application of HRS § 706–671(2), which mandates credit for time served in prison.

In *Richardson v. City and County of Honolulu,* 76 Hawai'i 46, 54–55, 868 P.2d 1193, 1201–02, *reconsideration denied,* 76 Hawai'i 247, 871 P.2d 795 (1994), we set forth three rules of statutory construction:

First, legislative enactments are presumptively valid and "should be interpreted [in such a manner as] to give them effect." *State v. Spencer,* 68 Haw. 622, 624, 725 P.2d 799, 800 (1986) (citation omitted). Second, "[l]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." HRS § 1–16 (1985); *Kam v. Noh,* 70 Haw. 321, 325, 770 P.2d 414, 417 (1989). Third, "where there is a 'plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored. However, where the statutes simply overlap in their application, effect will be given to both if possible, as repeal by implication is disfavored." *Mahiai v. Suwa,* 69 Haw. 349, 356–57, 742 P.2d 359, 366 (1987) (citations omitted).

Therefore, in interpreting the statutory language of HRS § 706–625(e), we must attempt to give effect to both HRS §§ 706–625(e) and –671(2).

In determining whether the statutory language of HRS § 706–625(e) bars the application of HRS § 706–671, we note that the two statutes are *in pari materia,* or upon the same subject matter. Unquestionably, HRS § 706–624 (Supp.1992), entitled Conditions of probation, and § 706–625, entitled Revocation, modification of probation conditions, are also *in pari materia,* inasmuch as they relate generically to the subject matter of probation conditions.

HRS § 706–624(2) sets forth discretionary conditions of probation that the sentencing court may impose on a defendant that include, *inter alia,* "a term of imprisonment not exceeding one year in felony cases, and not exceeding six months in misdemeanor cases." When HRS § 706–624 was first enacted, it explicitly stated in relevant part:

When the court sentences a person who has been convicted of a felony or misdemeanor to be placed on probation, it may require him to serve a term of imprisonment not exceeding six months[6] as an additional condition of its order.... *The term of imprisonment imposed hereunder shall be treated as part of the term of probation, and in the event of a sentence of imprisonment upon the revocation of the probation, the term of imprisonment served hereunder shall not be credited toward service of such subsequent sentence.*

1972 Haw.Sess.L. Act 9, § 1 at 75 (emphasis added).

In 1973, Act 136 amended HRS § 706–624 by deleting the above sentence providing that, upon revocation of probation any term of imprisonment served as part of the probation should not be credited toward the subsequent imprisonment. 1973 Haw.Sess.L. Act

6. Act 224 of the 1978 Session Laws of Hawai'i, amended HRS § 706–624 to authorize a court, when sentencing a felon to probation, to impose a term of imprisonment not exceeding one year as a condition of probation. 1978 Haw.Sess.L. Act 224, § 1 at 459. *See* Commentary to HRS § 706–624 (1985).

136, § 5 at 214–15. In amending HRS § 706–624, the legislature expressed its intent that allowance of credit would do equity. Sen.Stand.Comm.Rep. No. 858, in 1973 Senate Journal, at 970–71; Hse.Stand.Comm.Rep. No. 726, in 1973 House Journal, at 1095–96. *See also* Commentary to HRS § 706–624 (1985). Given the clear legislative intent behind the 1973 amendment of HRS § 706–624, a statute *in pari materia* with HRS § 706–625, we hold that the statutory language of HRS § 706–625(e) must be harmonized with HRS § 706–671(2), mandating credit for time served in imprisonment, with which HRS § 706–625 is likewise *in pari materia.*

Moreover, the last sentence of HRS § 706–671(2) (1985) states that "[t]he officer having custody of the defendant shall furnish a certificate ... showing the period of imprisonment served under the original sentence...." In *State v. Correa,* 69 Haw. 407, 409, 744 P.2d 84, 85 (1987), we recognized that "this language clearly indicates that the time spent imprisoned during the previous sentence is the only time to be considered when reducing the length of the subsequent sentence for the same crime."

In *Correa,* the defendant was sentenced to concurrent prison terms of ten years and five years. Upon reconsideration, the sentencing court modified the sentence and put the defendant on probation, with a condition that he enter and complete a drug rehabilitation program. Subsequently, the defendant's probation was revoked, and the court reimposed the original sentence of ten- and five-year prison terms to be served concurrently. The defendant moved to have the reimposed sentence reduced by the amount of time spent at Habilitat under HRS § 706–671(2). The sentencing court denied the request, and the defendant thereafter filed a timely appeal. *Id.* at 407–08, 744 P.2d at 84.

On appeal, we stated that:

after the vacation of a sentence and upon the reimposition of a new sentence for the same crime, a person may only be given a deduction in the length of the second sentence for the period of time spent in "detention and imprisonment" while serving the first sentence. This is what the language of the statute requires. In the instant case, Appellant was sentenced to probation and not imprisonment. Therefore, HRS § 706–671(2) is inapplicable to him.

*Id.* at 408–09, 744 P.2d at 85. Ultimately, we held in *Correa* that a probationer who violates probation, upon the subsequent revocation of probation and resentencing, is not entitled to credit for time served during the probationary period at a rehabilitation facility.

Unlike the defendant in *Correa,* Delima was sentenced in the March 15, 1993 Order of Resentencing to serve six months of imprisonment as a condition of probation. This six months of imprisonment was time spent imprisoned for the purposes of HRS § 706–671(2). Accordingly, when Delima was subsequently sentenced in the October 8, 1993 Order of Resentencing to serve the maximum term of one year of imprisonment, the circuit court was required under HRS § 706–671(2) to deduct the time served in prison from the maximum one-year term of imprisonment.[7]

## IV. CONCLUSION

For the reasons stated above, we vacate the circuit court's resentencing order and remand this case for resentencing consistent with this opinion.

---

**7.** Because HRS § 706–671(2) mandates that courts credit a subsequent sentence of imprisonment by the amount of time that a defendant served in prison as condition of probation and because nothing in HRS § 706–625 bars the application of HRS § 706–671, we need not reach Delima's constitutional argument of double jeopardy.