**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES ALLEN THOMPSON, | No. 12-17017 |
| Petitioner - Appellant, | D.C. No. 1:08-cv-00218-SOM-KSC |
| v. | |
| TODD THOMAS, Warden, Saguaro Correctional Facility; JODIE F. MAESAKA-HIRATA, Director, Department of Public Safety, State of Hawaii; JOE W. BOOKER, Jr., Deputy Director for Corrections, Department of Public Safety, State of Hawaii; DAVID M. LOUIE, Attorney General, State of Hawaii, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Hawai‘i
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted February 19, 2014
Honolulu, Hawai‘i

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

James Allen Thompson appeals the district court's partial denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of multiple sexual assault and kidnapping crimes. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2241, 2253–54, and we affirm.

We review de novo a habeas petitioner's exhaustion of state remedies as well as the district court's denial of a petition for habeas relief. *Chambers v. McDaniel*, 549 F.3d 1191, 1195 (9th Cir. 2008); *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). To exhaust available remedies, a petitioner must "fairly present[] his federal claims to the highest state court available." *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (alteration in original) (internal quotation marks omitted). A petitioner presents his claim by "describ[ing] in the state proceedings both the operative facts and the federal legal theory on which [the petitioner's] claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim." *Id.* at 1009 (internal quotation marks omitted). By establishing the key facts and citing to the federal double jeopardy standard, *Oregon v. Kennedy*, 456 U.S. 667 (1982), Thompson exhausted his federal double jeopardy claim before the Hawaiʻi Supreme Court. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2004).

Under *Harrington v. Richter*, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." 131 S. Ct. 770, 784–85 (2011). Under our deferential standard of review, we may not grant federal habeas relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); s*ee also Brown v. Payton*, 544 U.S. 133, 141 (2005). Thompson argues only that the Hawai'i Supreme Court's decision was "contrary to" *Kennedy*. We conclude that the state's decision did not contradict clearly established federal law.

Even assuming the *Richter* presumption does not apply because the state court expressly applied the state standard, we are not persuaded by Thompson's claim. On de novo review, we hold that the trial court fully considered the prosecutor's conduct and correctly determined that his behavior was not "intended to 'goad' the defendant into moving for a mistrial." *Kennedy*, 456 U.S. at 676.

**AFFIRMED.**

3