**Electronically Filed
Supreme Court
SCWC-17-0000427
01-JUN-2020
01:22 PM**

SCWC-17-0000427

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

JAMES THOMPSON,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000427; CR. NO. 97-0-2401)

SUMMARY DISPOSITION ORDER
(By: Nakayama, Acting C.J., McKenna, Pollack, and Wilson, JJ., and
Circuit Judge Browning, in place of Recktenwald, C.J., recused)

Petitioner/Appellant-Defendant James Thompson

("Thompson") challenges the credit given him at resentencing for

time he served subsequent to his 2001 conviction and sentencing

for seven counts of sexual assault in the first degree (Hawai'i

Revised Statutes ("HRS") § 707-730(1)(a) (1993)); two counts of

attempted sexual assault in the first degree (HRS §§ 705-500

(1993) and 707-730(1)(a)); eight counts of sexual assault in the

third degree (HRS § 707-732(1)(e)(1993)); two counts of kidnapping (HRS § 707-720(1)(d)(1993)); and one count of sexual assault in the fourth degree (HRS § 707-733(1)(a)(1993)). For his original sentence in 2001, Thompson received nine terms of life with the possibility of parole, two twenty-year terms, eight ten-year terms, and a single one-year term to be served concurrently for a maximum sentence of life with the possibility of parole ("2001 sentence").

Following a successful habeas corpus petition, the United States District Court for the District of Hawai'i ("U.S. District Court") vacated Thompson's 2001 sentence because the sentences comprising the 2001 sentence were extended beyond the statutory maximum based on facts found by a judge, not a jury, in violation of the United States Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). Thompson v. Thomas, No. CIV. 08-00218 SOM, 2012 WL 3777143, at \*1 (D. Haw. Aug. 29, 2012).[1] At resentencing in 2017, the Circuit Court of the First Circuit of the State of Hawai'i ("circuit court") imposed a consecutive sentence comprised of four increments: three twenty-year terms and a single one-year term to be served consecutively, for a total sentence of sixty-one years

---

[1]     On March 18, 2014, the order of the U.S. District Court was affirmed by the Ninth Circuit Court of Appeals. Thompson v. Thomas, 564 Fed. Appx. 316, 2014 WL 1017044 (9th. Cir. 2014) (Mem.).

imprisonment ("2017 resentence"). The circuit court indicated that Thompson's credit for time served under the 2001 sentence would be applied only once against the first of his three consecutive twenty-year terms.

On appeal, Thompson correctly contends his 2017 resentencing failed to give him full credit for time he served on his 2001 sentence. The credit was applied only to the sixty-one year combined total sentence rather than to each of the offenses comprising his 2017 resentence.[2] At the time of his

---

[2] The following chart compares Thompson's 2001 sentence and 2017 resentence:

| Charge | Maximum Sentence | 2001 Sentence | 2017 Resentence |
|---|---|---|---|
| Count 1: sex assault 1 | 20 years | life w/parole | 20 years |
| Count 2: sex assault 1 | 20 years | life w/parole | 20 years |
| Count 3: sex assault 1 | 20 years | life w/parole | 20 years |
| Count 4: sex assault 1 | 20 years | life w/parole | 20 years |
| Count 6: sex assault 1 | 20 years | life w/parole | 20 years |
| Count 7: attempted sex assault 1 | 20 years | life w/parole | 20 years |
| Count 8: attempted sex assault 1 | 20 years | life w/parole | 20 years |
| Count 9: sex assault 3 | 5 years | 10 years | 5 years |
| Count 10: sex assault 3 | 5 years | 10 years | 5 years |
| Count 11: sex assault 3 | 5 years | 10 years | 5 years |
| Count 12: kidnapping | 10 years | 20 years | 10 years |

Counts 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, & 12 run concurrently with each other, but consecutive with all other counts. **Total = 20 years**

| Charge | Maximum Sentence | 2001 Sentence | 2017 Resentence |
|---|---|---|---|
| Count 13: sex assault 4 | 1 year | 1 year | 1 year |

Count 13 runs consecutive with all other counts. **Total = 1 year**

| Charge | Maximum Sentence | 2001 Sentence | 2017 Resentence |
|---|---|---|---|
| Count 14: sex assault 1 | 20 years | life w/parole | 20 years |
| Count 15: sex assault 3 | 5 years | 10 years | 5 years |
| Count 16: sex assault 3 | 5 years | 10 years | 5 years |
| Count 17: sex assault 3 | 5 years | 10 years | 5 years |

Counts 14, 15, 16, & 17 run concurrently with each other, but consecutive with all other counts. **Total = 20 years**

| Charge | Maximum Sentence | 2001 Sentence | 2017 Resentence |
|---|---|---|---|
| Count 19: sex assault 1 | 20 years | life w/parole | 20 years |
| Count 20: sex assault 3 | 5 years | 10 years | 5 years |
| Count 21: sex assault 3 | 5 years | 10 years | 5 years |
| Count 22: kidnapping | 10 years | 20 years | 10 years |

Counts 19, 20, 21, & 22 run concurrently with each other, but consecutive with all other counts. **Total = 20 years**

**Total 2001 Sentence (ALL CONCURRENT/ EXTENDED TERMS) = life with the possibility of parole**

**Total 2017 Resentence = 61**

resentencing in 2017, Thompson had served seventeen years on all of his concurrent sentences.[3]

Under HRS § 706-671(2), "when a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence." The reference in HRS § 706-671(2) to "minimum and maximum terms" denotes the minimum term set by the Hawai'i paroling authority pursuant to HRS § 706-669[4] and the statutory maximum term for each count. State v. Martin, 71 Haw. 73, 74, 783 P.2d 292, 293 (1989) (explaining that "[t]hese words 'minimum and maximum terms' refer to the minimum term of imprisonment to be determined by the paroling authority, see HRS § 706-669 (1985),

---

[3]    Thus, Thompson had fully served his eight (concurrent) ten-year extended sentences for counts 9-11, 15-17, 20 and 21, as well as his (concurrent) one year sentence on count 13; he had served seventeen years of his (concurrent) twenty-year extended sentences for counts 12 and 22; and he had served seventeen years with respect to his nine (concurrent) terms of life with the possibility of parole.

[4]    HRS § 706-669 provides in relevant part:

> When a person has been sentenced to an indeterminate or an extended term of imprisonment, the Hawai'i paroling authority shall, as soon as practicable but no later than six months after commitment to the custody of the director of the department of [public safety] hold a hearing, and on the basis of the hearing make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole.

4

and the maximum length of imprisonment, determined under [the relevant penal statute] for defendant['s conviction.]").

Although HRS § 706-671(2) does not specify how time served under concurrent sentences should be credited against consecutive sentences imposed on resentencing, it is significant that the statute requires that the defendant be credited with time served with respect to the "same crime." Id. When the defendant has accrued time served against multiple crimes, the wording of HRS § 706-671(2) suggests that on resentencing for those same crimes, the defendant is entitled to credit against each of those same crimes, rather than only once against the aggregate of the consecutive sentences. See State v. Brant, 72 Haw. 230, 232, 813 P.2d 854, 855 (1991) (noting that "nothing in the statute allows a court discretion to decide whether to credit time already served for the same offense. Section 706-671 clearly mandates credit for time served in detention or imprisonment when a sentence is vacated and [a] new sentence is thereafter imposed.").[5]

---

[5] Subsection (1) of HRS § 706-671 governs credit for time served by the defendant from the time of arrest until the imposition of the initial sentence. HRS § 706-671(1) provides in relevant part:

> When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution following the defendant's arrest for the crime for which sentence is imposed, such period of detention following the defendant's arrest shall be

(continued . . .)

---

(continued . . .)

> deducted from the minimum and maximum terms of such
> sentence.

We interpreted and applied subsection (1) in State v. Tauiliili, where we held that "credit for presentence imprisonment is properly granted against only the aggregate of the consecutive sentence terms." 96 Hawai'i 195, 197–99, 29 P.3d 914, 916–18 (2001)(emphasis added). We have not, however, previously had occasion to decide whether the statutory mandate contained in subsection (2) of HRS § 706-671 requires that, on resentencing after the original sentence has been vacated, credit for time served is properly granted against only the aggregate of the consecutive sentence terms.

In Tauiliili, we relied on the Commentary to HRS § 706-671 in reaching our decision that credit for presentence imprisonment should only be applied once against the aggregate of the consecutive sentences:

> The commentary to HRS § 706-671 states in relevant part that "[t]his section provides for a result which the Code deems fair" and "provides for some equalization ... between those defendants who obtain pre-sentence release and those who do not." Statutes giving credit for presentence confinement were designed to ensure equal treatment of all defendants whether or not they are incarcerated prior to conviction. [In Re Atiles, 33 Cal.3d 805, 808, 662 P.2d 910, 911 (Cal. 1983)]. [G]ranting presentence credit, therefore, seeks to place an in-custody criminal defendant who cannot afford to post bail in the same position as his counterpart with bail money. Nissel v. Pearce, 307 Or. 102, 764 P.2d 224, 226 (1988).

Tauiliili at 198–99, 29 P.3d at 917–18. This rationale – i.e., the need "to place an in-custody criminal defendant who cannot afford to post bail in the same position as his counterpart with bail money" – is plainly inapplicable to subsection (2) of HRS § 706-671. Subsection (2) does not involve credit for time served in presentence detainment, rather it deals with credit for time served after the imposition of the vacated sentence, and thus there is no risk that applying credit for time served against each of the consecutive sentences rather than only against the aggregate of the consecutive sentences "would [] defeat the purpose of 'equalization' noted in the commentary to HRS § 706-671 (1993)." Id. at 199, 29 P.3d at 918.

The issue presented by the instant case therefore is readily distinguishable from the issue we decided in Tauiliili. Id. Thompson's case deals with "credit for imprisonment under [an] earlier sentence for same crime[,]" while Tauiliili dealt with "[c]redit for time of detention prior to sentence" ("presentence credit"). Compare HRS § 706-671(1), with HRS § 706-671(2).

6

Moreover, an interpretation of subsection (2) of HRS § 706-671 that applied credit for time served only once against the aggregate of consecutive sentences imposed on resentencing would raise very serious double jeopardy issues. The double jeopardy clause in article I, section 10 of the Hawai'i Constitution[6] affords the same protections as does the United States Constitution's Fifth Amendment guarantee[7] that no person "be subject for the same offence to be twice put in jeopardy of life or limb[.]" State v. Taparra, 82 Hawai'i 83, 89, 919 P.2d 995, 1001 (Ct. App. 1996). The United States Supreme Court held in North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076 (1969), that "[t]he Constitution was designed as much to prevent the criminal from being twice punished for the same

---

[6]    Article I, section 10, of the Hawai'i Constitution provides in relevant part:

> No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury or upon a finding of probable cause after a preliminary hearing held as provided by law, except in cases arising in the armed forces when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy[.]

[7]    The Fifth Amendment to the United States Constitution provides in relevant part:

> No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]

7

offence as from being twice tried for it" and the guarantee against double jeopardy "is violated when [imprisonment] already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense." Taparra at 89, 919 P.2d at 1001 (quoting Pearce, 395 U.S. at 718). As such "[t]he time already served in prison by a defendant must be credited 'by subtracting [it] from whatever new sentence is imposed.'" Id. (quoting Pearce, 395 U.S. at 719).

Absent credit for time already served on each count of his 2001 sentence, Thompson would be subjected to unconstitutional "multiple punishments" for the same offense. Taparra at 89, 919 P.2d at 1001. As the United States Supreme Court observed in Pearce, "the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence . . . for the same offense." Pearce, 395 U.S. at 718-19. Accordingly, Thompson must "absolutely" receive full credit for the time that he served on each count of the 2001 sentence. Specifically, the time Thompson served under his 2001 sentence (approximately seventeen years) must be credited against the statutory maximum term for each count under which he was resentenced in 2017. HRS § 706-671(2). Anything less would be a violation of Thompson's constitutional rights under the double jeopardy clause of article I, section 10 of the Hawai'i

8

Constitution and the Fifth Amendment to the United States Constitution.

Following the setting aside of Thompson's 2001 sentence by the U.S. District Court, the circuit court at resentencing in 2017 imposed new sentences for counts Thompson had fully served under the 2001 sentence. With respect to count 13 of the 2001 sentence (one-year imprisonment for misdemeanor sex assault 4, served concurrently with all other counts), Thompson had completed the sentence by the time of his resentencing in 2017. However, at resentencing in 2017, Thompson was again sentenced to one-year incarceration on count 13, with the sentence to be served consecutively to the three twenty-year consecutive terms. Similarly, the circuit court at resentencing in 2017 reimposed sentences for eight class C felony counts stemming from his 2001 convictions.[8] The statutory maximum sentence of five years' incarceration was imposed for each of the eight counts;[9] per the 2001 extended sentence, he had received ten years of incarceration for each count—all eight to

---

[8]    Sex assault 3 (HRS § 707-732(1)(e)(1993)) in counts 9-11, 15-17, and 20-21.

[9]    HRS § 706-660 provides that the term of imprisonment for a class C felony is five years.  HRS § 706-660(1)(b).

be served concurrently.[10]  Likewise, for the class B felonies in counts 12 and 22, Thompson received extended terms of twenty years for each count in 2001 and the statutory maximum of ten years' incarceration at resentencing in 2017.  Thus, by the time Thompson was resentenced in 2017 he had fully served the maximum one-year statutory sentence for the misdemeanor in count 13, the five-year statutory maximum sentences for class C felonies in counts 9-11, 15-17, and 20-21, and the two statutory maximum sentences of ten years for the class B felonies in counts 12 and 22.

As explained above, Thompson was resentenced in 2017 for nine class A felony offenses (counts 1-4, 6-8, 14, and 19). The statutory maximum sentence for a class A felony is "an indeterminate term of imprisonment of twenty years" and the "minimum length of imprisonment shall be determined by the Hawai'i paroling authority in accordance with section 706-669." HRS § 706-659.[11]  Thus, under the 2001 sentence, Thompson had

---

[10]    HRS § 706-661 provides that an extended term of imprisonment for a class C felony is ten years.  HRS § 706-661(4).

[11]    Thompson's approximately seventeen years credit also must be deducted from his minimum sentence as calculated by the Hawai'i paroling authority pursuant to HRS § 706-669.  It appears that Thompson's appeal was filed prior to the Hawai'i paroling authority completing its calculation of Thompson's minimum sentence and the calculation is therefore not in the record. Although the record does not reflect the Hawai'i paroling authority's calculations for the minimum sentence Thompson must serve under his 2017 resentence, Thompson is correct that the credit he accrued on each count of

(continued . . .)

served seventeen years of the twenty-year statutory maximum in counts 1-8, 14, and 19.

Accordingly, at the time of resentencing, Thompson had fully served the statutory maximum sentences for all but his class A felony sentences, for which he had three years remaining on the total indeterminate term of each sentence. See HRS § 706-671(2). Thus, in his 2017 resentence, Thompson had three years of incarceration remaining on counts 1-4 and 6-8 (ordered to run concurrently); three years' incarceration remaining on count 14 to be served consecutively; and three years remaining on count 19 to be served consecutively. In total, after correctly calculating the credit for time served under HRS § 706-671(2), Thompson had an aggregate maximum remaining sentence of approximately nine years at the time of resentencing on April 28, 2017. Because the sentences under counts 1-4 and 6-8 run consecutive to count 14 and consecutive to count 19, the approximately three years that have elapsed since Thompson's resentencing are counted only once against the aggregate of his consecutive sentences. As such, Thompson has approximately six

---

(continued . . .)

his 2001 concurrent sentences must be applied to the minimum term set by the Hawai'i paroling authority for each count.

years remaining on his aggregate maximum term of imprisonment on the date this disposition was issued.

Inasmuch as the ICA's September 26, 2018 memorandum opinion implicitly affirmed the circuit court's calculation of Thompson's credit for time served under his 2001 sentence without accurately applying HRS § 706-671(2), we vacate the ICA's judgment on appeal and remand the case to the circuit court for an accurate calculation of his credit for time served.

DATED:  Honolulu, Hawai'i, June 1, 2020.

| | |
|---|---|
| Jon N. Ikenaga<br>for petitioner/defendant-<br>appellant | /s/ Paula A. Nakayama |
| | /s/ Sabrina S. McKenna |
| Loren J. Thomas<br>for respondent/plaintiff-<br>appellee | /s/ Richard W. Pollack |
| | /s/ Michael D. Wilson |
| | /s/ R. Mark Browning |

