**STATE OF HAWAII**, Plaintiff–Appellee, v. **RICHARD P. MARTIN**, Defendant–Appellant

NO. 13613

(CR. NO. 59978)

DECEMBER 6, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendant Richard P. Martin appeals from a one year jail sentence included as a condition of a new probation imposed when the court revoked his previous probation. Defendant claims that Hawaii Revised Statutes (HRS) § 706–671(2) (1985) requires that the year of imprisonment he served as a condition of the old probation be counted towards the year of imprisonment ordered served as a condition of the new probation. We disagree and affirm the decision of the sentencing court.

## I.

On July 18, 1984, Defendant pled guilty to first degree burglary (HRS § 708–810 (1976)). He was sentenced to five years of probation with the condition that he serve a year in jail. Defendant served his year in jail.

For inexcusably failing to comply with substantial requirements of probation, the court revoked Defendant's probation on January 6, 1989. The court resentenced him to another probation term and included the condition that he serve a year in jail.

The statute on revocation of probation, HRS § 706–625(c) (Supp. 1988), states that: "When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which he was convicted." Pursuant to this statute the court is empowered when revoking Defendant's probation to resentence him to probation with the same terms and conditions.

## II.

We hold HRS § 706–671(2) does not require the one year of imprisonment served under the first term of probation to be credited to reduce the year of imprisonment imposed as a condition of the Defendant's new term of probation. HRS § 706–671(2) reads:

When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence[.]

The one year imprisonment as a condition of the new probation should not be considered a minimum or maximum term. These words "minimum and maximum terms" refer to the minimum term of imprisonment to be determined by the paroling authority, *see* HRS § 706–669 (1985), and the maximum length of imprisonment,

determined under HRS § 706–660 (1976) for defendant, and do not refer to the discretionary imposition of up to one year of imprisonment as a condition of a new probation prescribed on the revocation of a previous probation.

In *State v. Viloria*, 70 Haw. 58, 759 P.2d 1376 (1988), this court held that sentencing court may revoke a probation and impose a new probation even though the result was a total time of probation longer than the statutory term of five years. In addition to the clear language of the statute, which said that when a court revokes probation it shall impose on the defendant any sentence that might have been imposed originally, this court was persuaded by the legislative policy favoring the withholding of imprisonment where inappropriate. *Viloria*, 70 Haw. at 62, 759 P.2d at 1379. We favored discretion in the sentencing court.

Similarly, in the present case, we believe the sentencing court has the same discretionary authority. If the law was held to be otherwise, the limited authority could force the court to imprison for the full term upon revocation of probation.

Affirmed.

*Richard L. Hoke* for Defendant–Appellant.

*Caroline M. Mee*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.