**STATE OF HAWAII**, Plaintiff–Appellee, v. **TRACY MASAO KAMI**, Defendant–Appellant

NO. 14445

(CR. NO. 86–0285)

NOVEMBER 23, 1990

LUM, C.J., PADGETT, HAYASHI, AND
WAKATSUKI, JJ., AND INTERMEDIATE COURT
OF APPEALS CHIEF JUDGE BURNS, IN PLACE
OF MOON, J., RECUSED

OPINION OF THE COURT BY HAYASHI, J.

Defendant–Appellant Tracy Masao Kami (Defendant) timely appeals from the First Circuit Court's Order of Resentencing entered on March 6, 1990. We affirm.

I.

On March 12, 1986 Defendant was indicted in Criminal (Cr.) No. 86–0285 for Robbery in the Second Degree (Hawaii Revised Statutes (HRS) § 708–841(1)(a)), and Impersonating a Peace Officer (HRS § 710–1016.5). After a jury trial Defendant was found guilty as charged and on September 4, 1986 Defendant was sentenced to five years probation, with special conditions of two concurrent six month terms of incarceration and $140 restitution.

Subsequently, on January 5, 1990, Plaintiff–Appellee State of Hawaii (State) filed a Motion for Revocation of Probation and Resentencing because Defendant had pled guilty in Cr. No. 89–0278 to Felon in Possession of a Firearm, and in Cr. No. 89–1332 to Robbery in the Second Degree.

On March 6, 1990 a consolidated hearing was held on the State's motion in Cr. No. 86–0285 plus sentencing of Defendant in Cr. Nos. 89–0278 and 89–1332. At the hearing Defendant's request to be credited in Cr. No. 86–0285 for the time he had already served in Cr. Nos. 89–0278 and 89–1332 (260 and 149 days, respectively) was denied.

In Cr. No. 86–0285 the sentencing court revoked Defendant's probation and resentenced Defendant to ten years incarceration *nunc pro tunc* to September 4, 1986 with credit for time served as special condition of probation, plus payment of the remaining restitution balance. In Cr. Nos. 89–0278 and 89–1332 Defendant was sentenced to ten years incarceration with a mandatory minimum term of two years and six months with credit for the time he had

already served. Further, the sentencing court ordered all convictions to run concurrent.

## II.

On appeal, Defendant contends that (1) credit for time served in Cr. Nos. 89–0278 and 89–1332 should be applied to the new sentence imposed in Cr. No. 86–0285; (2) probation was revoked at the time of incarceration for Cr. Nos. 89–0278 and 89–1332; (3) denial of credit for time served violated his right to equal protection and due process of law pursuant to the Hawaii and United States Constitutions; and (4) imprisonment without credit for time served was cruel and unusual punishment in violation of the Eighth Amendment of the Hawaii and United States Constitutions.

## III.

Defendant has cited no authority in his brief to support his constitutional arguments nor were they raised at oral argument. We decline to address these arguments as they are without merit.

The sole issue, then, is whether a probationer who, during the probationary period has been incarcerated for unrelated felonies, may receive credit for time served for the unrelated felonies upon the subsequent revocation of probation and resentencing.

## IV.

We begin our analysis with a review of the applicable statute. HRS § 706–671(2) (1985) provides in pertinent part:

**§ 706–671  Credit for time of detention prior to sentence; credit for imprisonment under earlier sentence for same crime.**

. . . .

(2) When a judgment of conviction or a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence. . . .

We have held that a probationer who violates probation, upon the subsequent revocation of probation and resentencing, is not entitled to credit for time served during the probationary period at a rehabilitation facility. *State v. Correa*, 69 Haw. 407, 744 P.2d 84 (1987). We stated in *Correa* that:

after the vacation of a sentence and upon the reimposition of a new sentence for the same crime, a person may only be given a deduction in the length of the second sentence for the period of time spent in "detention and imprisonment" while serving the first sentence. This is what the language of the statute requires. In the instant case, *Appellant was sentenced to probation and not imprisonment. Therefore, HRS § 706–671(2) is inapplicable to him.*

*Id.* at 408–09, 744 P.2d 85 (emphasis added).

Defendant was on probation in Cr. No. 86–0285 when he was incarcerated for Cr. Nos. 89–0278 and 89–1332, and is therefore not entitled to credit for time served while on probation pursuant to HRS § 706–671(2) and our holding in *Correa*.

Defendant nevertheless argues that his probation was terminated on the date of his incarceration for Cr. Nos. 89–0278 and 89–1332, and from that date forward he was entitled to credit for time served.

HRS § 706–629(3)(a) (Supp. 1989) provides in relevant part:

**§ 706–629   Calculation of multiple dispositions involving probation and imprisonment, or multiple terms of probation.**

. . . .

(3) When a defendant is convicted of a crime committed while on probation and such probation is not revoked:

    (a) If the defendant is sentenced to imprisonment, the service of such sentence shall not toll the prior sentence of probation[.]

We believe that HRS § 706–629(3)(a) is clear in that imprisonment does not toll a prior probation sentence. Thus Defendant remained on probation while incarcerated for Cr. Nos. 89–0278 and 89–1332.

Defendant's claim that his incarceration automatically revoked his probation must also fail. HRS § 706–625(a) mandates that the revocation of a probation sentence requires a hearing. Defendant's probation was therefore not revoked until the March 6, 1990 hearing.

We hold that because probation was not revoked nor a new sentence imposed until March 6, 1990 in Cr. No. 86–0285, no new sentence existed for which Defendant could receive credit for the time he had served prior to March 6, 1990 in Cr. Nos. 89–0278 and 89–1332.

Based on the foregoing we affirm.

*Richard T. Pafundi*, for Defendant–Appellant.

*Alexa D. M. Fujise* (Law Clerk *Julie Sato*, with her on the brief), Deputy Prosecuting Attorney, for Plaintiff–Appellee.