900 P.2d 770

STATE of Hawai'i, Plaintiff–Appellee,

v.

Larry M. MILLER, also known as Larry Lee Jefferson, Defendant–Appellant.

Nos. 16988, 18073.

Supreme Court of Hawai'i.

July 25, 1995.

Stephen M. Shaw, on the briefs, Honolulu, for defendant-appellant.

Loren J. Thomas, Deputy Pros. Atty., on the briefs, Honolulu, for plaintiff-appellee in No. 16988.

Donn Fudo, Deputy Pros. Atty., on the briefs, Honolulu, for plaintiff-appellee in No. 18073.

Before MOON, C.J., and KLEIN, LEVINSON and RAMIL, JJ., and HEELY, Circuit Court Judge, in Place of NAKAYAMA, J., Recused.

KLEIN, Justice.

In these consolidated appeals,[1] Defendant-Appellant Larry M. Miller appeals from two separate rulings by the circuit court: 1) an order dated April 22, 1993, denying his motion to reconsider the court's March 8, 1993 ruling granting the prosecution's motion to revoke an earlier sentence of probation and resentencing him to probation with a special condition of one year in jail; and 2) an order

dated April 15, 1994, revoking his March 8, 1993 sentence and resentencing him to ten years imprisonment. Miller essentially raises two issues: 1) whether the circuit court abused its discretion under Hawai'i Revised Statutes (HRS) chapter 706 (1985, Supp.1992 & Comp.1993) by refusing to credit the time he served in prison as a condition of prior probationary sentences toward the year of imprisonment imposed as a condition of his March 8, 1993 sentence; and 2) whether the circuit court erred in issuing an *ex parte* bench warrant for his arrest, revoking his probation, and resentencing him to ten years imprisonment.

We resolve the first issue in the negative and the second in the affirmative. Accordingly, we affirm Miller's March 8, 1993 sentence, vacate his April 15, 1994 sentence, and remand the matter to the circuit court for determination of the credit due Miller for time served.

## I. *FACTS*

Miller was indicted for Burglary in the First Degree in violation of HRS § 708-810 (1985). He pled guilty and was initially sentenced on June 30, 1987 to probation for a period of five years, upon condition that he serve one year in jail (mittimus stayed), perform 200 hours of community service, and pay restitution. Over the next seven years, the circuit court granted four motions by the prosecution for Revocation of Probation, Resentencing and Issuance of Bench Warrant.[2] Miller convinced the court to reconsider the first two sentences imposed against him,[3] but

---

1. By order dated April 20, 1995, this court consolidated Nos. 16988 and 18073.

2. The record does not reveal the basis of the prosecution's initial motion. The second motion was based on Miller's failure to: report to the Adult Probation Division (APD); contact the Community Service Sentencing Program; and enter drug rehabilitation as required by the court. The third motion was based upon Miller's conviction of a petty misdemeanor, Theft in the Fourth Degree, in violation of HRS § 708-833 (Supp.1992). The fourth motion was based on Miller's alleged failure to comply with probationary conditions requiring him to report to APD upon his release from prison and to inform APD of any change of address.

3. Only the second of Miller's reconsidered sentences is relevant to this appeal. On November 13, 1989, the court revoked Miller's prior probationary sentence and sentenced him to an indeterminate ten year term of imprisonment. On May 11, 1990, the circuit court granted Miller's motion for reconsideration and sentenced him to five years probation, without requiring incarceration as a special term of probation. A Certificate of Presentence Detention indicates that Miller served time in prison on two separate occasions: (1) approximately 161 days from April 26, 1988 to October 4, 1988; and (2) approximately 360 days from May 22, 1989 to May 17, 1990.

the court denied his last two motions for reconsideration.

By oral ruling dated March 8, 1993—and pursuant to a written order dated April 22, 1993, which was subsequently reaffirmed by court orders dated June 24, 1993 and September 22, 1993 denying Miller's last two motions for reconsideration—the circuit court revoked Miller's probation and resentenced him to five years probation, *nunc pro tunc* to May 11, 1990, with credit for time served and one year in jail as a special condition of probation.[4]

On October 20, 1993, the circuit court granted Miller's Motion for Bail Pending Appeal, and Miller was released on November 10, 1993. The prosecution subsequently filed its fourth and final Motion for Revocation of Probation, Resentencing and Issuance of Bench Warrant, *see supra* note 2, after Miller allegedly failed to comply with probationary conditions requiring him to report to the Adult Probation Division (APD) upon his release from prison and to inform APD of any change in address. After an *ex parte* hearing, the court issued a bench warrant for Miller's arrest on February 9, 1994. Miller was subsequently incarcerated on or about February 16, 1994. On April 15, 1994, after a hearing involving both parties, the court revoked Miller's March 8, 1993 sentence of probation and resentenced him to an indeterminate ten year term of imprisonment.

4. The circuit court's September 22, 1993 order clarifies that the court did not intend that Miller receive credit for time served in conjunction with his previous sentence of probation. The court determined instead that Miller would not receive credit because no jail term was imposed on May 11, 1990.

5. HRS § 706–623 provides in pertinent part:

(1) When the court has sentenced a defendant to be placed on probation, the period of probation shall be five years upon conviction of a felony, one year upon conviction of a misdemeanor, or six months upon conviction of a petty misdemeanor, unless the defendant is discharged sooner by order of the court. The court, on application of a probation officer or of the defendant or on its own motion, may discharge the defendant at any time. Prior to granting early discharge, the court shall afford the prosecuting attorney an opportunity to be heard. . . .

## II. *STANDARD OF REVIEW*

A sentencing court is afforded wide latitude in both the selection of penalties from those prescribed by statute and in the determination of the severity of such penalties. This authority is normally undisturbed on review in the absence of an apparent abuse of discretion, or unless applicable statutory or constitutional commands have not been observed. *State v. Delima,* 78 Hawai'i 343, 346, 893 P.2d 194, 197 (1995); *State v. Gaylord,* 78 Hawai'i 127, 143–44, 890 P.2d 1167, 1183–84 (1995).

## III. *DISCUSSION*

### A. *No. 16988*

Miller contends, first, that: 1) he is entitled to 521 days credit for time served in prison since June 30, 1987; 2) the circuit court committed error when it failed to include a certificate of detention with his order of resentencing as required by HRS § 706–623 (Comp.1993)[5]; and 3) the circuit court committed unspecified plain error.[6] The prosecution responds that the court did not abuse its discretion by sentencing Miller on March 8, 1993 to a new probationary term of five years *nunc pro tunc* to May 11, 1990 with credit for time served since his arrest on May 9, 1992,[7] but not for time served as a condition of previous probationary sentences.

(2) *When a defendant who is sentenced to probation has previously been detained* in any state or county correctional or other institution *following arrest for the crime for which sentence is imposed, the period of detention following arrest shall be deducted from the term of imprisonment if the term is given as a condition of probation.* The pre-sentence report shall contain a certificate showing the length of such detention of the defendant prior to sentence in any state or county correctional or other institution, and the certificate shall be annexed to the official records of the defendant's sentence. (Emphasis added.)

6. Based on our review of the record, Miller's contention that the circuit court committed plain error in imposing his March 8, 1993 sentence is without merit.

7. Miller was convicted on November 20, 1992 of Theft in the Fourth Degree. *See supra* note 2.

### 1. *Time served with respect to unrelated offenses*

■ Miller is entitled to credit for time served only in connection with the criminal offense for which he is being sentenced. In *State v. Kami,* 71 Haw. 612, 801 P.2d 1206 (1990), the defendant was convicted of robbery in the second degree and was sentenced to probation. When Kami later pled guilty to other unrelated offenses, the circuit court revoked his probation and resentenced him to ten years incarceration. Kami argued that he was entitled to credit for time served with respect to the subsequent offenses because his probation for the earlier robbery conviction was terminated by his incarceration for the subsequent offenses. This court disagreed, finding that imprisonment does not toll a prior probationary sentence under HRS 706–629(3)(a) (Supp.1992).[8] *Id.* at 616, 801 P.2d at 1208; *see also State v. Brant,* 72 Haw. 230, 233, 813 P.2d 854, 856 (1991). Furthermore, HRS § 706–625(a) (Supp. 1992)[9] requires a hearing before a probationary sentence may be revoked. *Brant,* 72 Haw. at 233, 813 P.2d at 856; *Kami,* 71 Haw. at 616, 801 P.2d at 1208. "Because the defendant's probation had not yet been revoked when he began serving time for the unrelated offenses, no new sentence existed for which defendant could have received credit." *Brant,* 72 Haw. at 233–34, 813 P.2d at 856; *see also Kami,* 71 Haw. at 616, 801 P.2d at 1208.

In the instant case, Miller's probation had not been revoked when he was incarcerated on the separate charge of second degree robbery that ultimately led to his conviction of Theft in the Fourth Degree. Thus, with respect to Miller's newly imposed sentence for his earlier burglary conviction, the circuit court properly denied him credit for time served after his arrest for the subsequent offense.

### 2. *Time served as a condition of probation*

■ We have held that our circuit courts have the discretion not to credit time served in jail as a condition of a previous probation and, therefore, need not reduce the period of imprisonment imposed as a condition of a newly imposed sentence of probation. *See State v. Martin,* 71 Haw. 73, 783 P.2d 292 (1989). In *Martin,* the defendant served one year in jail as a special condition of his five year probationary sentence. The circuit court subsequently revoked probation for Martin's failure to comply with the conditions of probation, and he was re-sentenced to another probationary term subject to the condition that he serve another year in jail. This court held that time served under a previous term of probation need not be credited toward a defendant's new term of probation because the words "maximum and minimum terms" in § 706–671 (1985)[10] do not

---

**8.** HRS § 706–629(3)(a) provides in pertinent part that "[w]hen a defendant is convicted of a crime committed while on probation and such probation is not revoked ... [i]f the defendant is sentenced to imprisonment, the service of such sentence shall not toll the prior sentence of probation."

**9.** HRS § 706–625(a) provides that:

[t]he court, upon application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation, reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706–627.

HRS § 706–627 (Supp.1992) provides in pertinent part that:

(1) Upon the filing of a motion to revoke a probation ..., the period of probation shall be tolled pending the hearing upon the motion

and the decision of the court.... During the period of tolling of the probation, the defendant shall remain subject to all terms and conditions of the probation except as otherwise provided by this chapter.

(2) In the event the court, following hearing, refuses to revoke the probation or grant the requested enlargement of conditions thereof because the defendant's failure to comply therewith was excusable, the defendant may be granted the period of tolling of the probation for purposes of computation of the remaining probation, if any.

**10.** HRS § 706–671 provides:

**§ 706–671 Credit for time of detention prior to sentence; credit for imprisonment under earlier sentence for same crime.**

(1) *When a defendant who is sentenced to imprisonment has previously been detained* in any State or local correctional or other institution *following his arrest for the crime for which sentence is imposed, such period of detention*

refer to the discretionary imposition of up to one year of imprisonment as a condition of a new probationary sentence that is imposed after the previous probation sentence has been revoked. *Martin,* 71 Haw. at 75, 783 P.2d at 293. The *Martin* court concluded that a sentencing court's discretion is based upon "the legislative policy favoring the withholding of imprisonment where inappropriate." *Id.* (citing *State v. Viloria,* 70 Haw. 58, 62, 759 P.2d 1376, 1379 (1988)). Otherwise, sentencing courts could be forced "to imprison [a probation violator] for the full term upon revocation of probation." *Id.*

Thus, the circuit courts have discretion to determine whether credit for time served will be accorded to a defendant with respect to any prison term imposed as a condition of probation. In the instant case, the circuit court did not intend to credit Miller for time served on any prior probationary sentence. Upon resentencing, the court explicitly stated: "[H]e will be given credit only for the most recent arrest, pertaining to this revocation. Any time served on any previous revocation would not apply in this case." [11] The circuit court only intended to shorten the length of the actual probation term when it resentenced Miller to five years probation, *nunc pro tunc* to May 11, 1990, with the special condition of probation of one year in jail. Accordingly, Miller only received credit for the nearly three years he was under a probationary sentence.

▇▇ Miller argues that under HRS § 706–623, *see supra* note 5, he is also entitled to receive credit toward his March 8, 1993 sentence for the approximately 521 days he served in prison in connection with his burglary conviction. However, we now hold that HRS § 706–623(2) pertains to periods of detention served following arrest and prior to the sentence imposed by the court in the first instance. *See* Sen.Stand.Comm.Rep. No. 1342, in 1989 Senate Journal, at 1309 (indicating that 1989 Haw.Sess.Laws Act 124, § 1 at 246, "requires that courts grant credit for defendants who have been sentenced to imprisonment as a condition of probation and who have been *detained in a correctional or other institution following arrest* for the crime for which sentence is imposed") (emphasis added). Our holding is in accordance

following his arrest shall be deducted from the minimum and maximum terms of such sentence. The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the length of such detention of the defendant prior to sentence in any State or local correctional or other institution, and the certificate shall be annexed to the official records of the defendant's commitment.

(2) *When* a judgment of conviction or *a sentence is vacated and a new sentence is thereafter imposed upon the defendant for the same crime, the period of detention and imprisonment theretofore served shall be deducted from the minimum and maximum terms of the new sentence.* The officer having custody of the defendant shall furnish a certificate to the court at the time of sentence, showing the period of imprisonment served under the original sentence, and the certificate shall be annexed to the official records of the defendant's new commitment.

(Emphasis added.)

11. The circuit court confirmed this conclusion at the hearing on Miller's second motion for reconsideration in 1993:

All right. Well, the issue which I thought would arise is not an issue, because as a term of any condition of Mr. Miller's probation on May 11, 1990, it did not include any term of incarceration. So, I don't believe that is an issue.

If, as part of terms and conditions of probation May 11, 1990, Mr. Miller was sentenced to a term of incarceration, then the question I would have was whether or not he would then be entitled to credit for that time served, because the probation in this case was nunc pro tunc to May 11, 1990.

But, *because there was no jail term imposed as a condition of probation, it would not appear to be an issue* then.

. . . .

I know that. I know that his probation on May 11, 1990, was as a result of a motion filed for reconsideration and that his original sentence was an open ten and that in fact he did begin to serve that open ten and then was subsequently released.

However, the probation that this Court imposed relates to the probation of May 11, 1990. It did not relate to Mr. Miller's incarceration under the original sentence.

Now, *if the Court, on May 11, 1990, had imposed a term of incarceration as a condition of probation, then I certainly think there is a strong argument to be made under [HRS §] 706–623, that with a nunc pro tunc probation that he's entitled to credit for time served, but that was not the case here.*

(Emphasis added.)

with the sentencing court's discretionary authority to impose up to one year of imprisonment as a condition of probation. Therefore, HRS § 706–623 does not apply to time served as a condition of probation pursuant to sentences imposed after a previous sentence has been revoked. "If the law was held to be otherwise, the limited authority could force the court to imprison for the full term upon revocation of probation." *Martin,* 71 Haw. at 75, 783 P.2d at 293. Accordingly, we hold further that the circuit court did not abuse its discretion in refusing to credit Miller for time served in conjunction with previous periods of probation.

Finally, notwithstanding the circuit court's failure to provide a certificate of detention under HRS § 706–671(2), we take judicial notice of the procedures and practices in the circuit court whereby pre-sentence reports are generally not issued on resentencing of an offender for the same crime. *See supra* note 5. Miller has cited no authority requiring, nor can we find any support for, his requested relief of release from custody as the proper sanction for a failure to provide him with a certificate of detention pursuant to HRS § 706–671.

## B. *No. 18073*

Miller second contention is that the circuit court's *ex parte* issuance of a bench warrant, for purportedly violating a term of probation, violated his constitutional right to due process because he was relieved from the relevant terms and conditions of probation when the circuit court granted his motion for bail pending appeal pursuant to HRS § 804–4 (Supp.1992),[12] and released him from prison without imposing any additional terms or conditions. Specifically, Miller contends that: 1) as a result of the circuit court's October 20, 1993 order determining that he was entitled to bail pending appeal, HRS § 804–4 relieved him from the "operation of any sentence passed upon [him] while [*State v. Miller,* No. 16988 is] pending and undetermined"—in other words, Miller alleges that the circuit court did not have jurisdiction to revoke the March 8, 1993 sentence of probation and resentence him to ten years imprisonment because he could not have failed to comply with conditions and terms that were not applicable to him at the time; 2) HRS § 706–626(1),[13] which appears to have permitted the circuit court's consideration of the prosecution's *ex parte* motion for issuance of a bench warrant for Miller's arrest, is unconstitutional on its face and as applied because there are compelling reasons requiring notice prior to the incarceration of a defendant who has allegedly failed to comply with terms and conditions of his probation; 3) the circuit court erroneously deprived him of a meaningful opportunity to be heard when it restricted his efforts to elicit testimony concerning his entitlement to bail; 4) the prosecution's actions in this case amount to vindictive prosecution in violation of the double

12. HRS § 804–4 provides in pertinent part:

> The court shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the court finds:
> (1) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and
> (2) That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.
> If the court makes such findings, the court shall order the release of the person in accordance with the provisions of section 804–7.1. No defendant entitled to bail, whether bailed or not, shall, without the defendant's written consent, be subject to the operation of any sentence passed upon the defendant while any

proceedings to procure a review of any action of the trial court or jury in the premises are pending and undetermined, except as provided in section 641–14(a).
HRS § 641–14(a) (1985) provides in pertinent part that:
> [t]he filing of a notice of appeal ... may operate as a stay of execution and may suspend the operation of any sentence or order of probation, in the discretion of the trial court. If the court determines that a stay of execution is proper, the court shall state the conditions under which the stay of execution is granted.

13. HRS § 706–626(1) provides in pertinent part that "[a]t *any time before the discharge of the defendant or the termination of the period of probation* or suspension of sentence ... [t]he court may, in connection with the suspension or probation, summon the defendant to appear before it or may issue a warrant for his arrest[.]" (Emphasis added.)

jeopardy clause of the United States Constitution; and 5) the ten-year term of imprisonment amounts to cruel and unusual punishment in violation of the eighth amendment to the United States Constitution.

The prosecution responds that: 1) Miller received all the process that was due—a) HRS § 706–626(1) justifies the court's issuance of a bench warrant for Miller's arrest without notifying him, and b) he had notice and an opportunity to be heard at the April 15, 1994 probation revocation hearing; 2) HRS § 706–625(a) permits the court to revoke probation at any time up until termination thereof; thus, the issue of Miller's entitlement to bail was irrelevant; 3) in any event, Miller's March 8, 1993 sentence remains valid pending appeal, although not capable of operation against him unless upheld on appeal; 4) Miller has not cited evidence in the record to substantiate his double jeopardy claim, and, at any rate, the claim is meritless under applicable law; and 5) the ten-year prison sentence was within the court's discretion to "impose on the defendant any sentence that may have been imposed originally for the crime of which he was convicted." HRS § 706–625(e).

### 1.

First, we acknowledge the fact that the October 20, 1993 order granting bail pending appeal did not require Miller to regularly report to an officer of the court under HRS §§ 804–7.1(4) or –7.1(9) (Supp.1992). Furthermore, we observe that the court's February 9, 1994 order granting the issuance of a bench warrant merely noted that Miller "violated the terms and conditions of his *probation* pursuant to order of the Court[.]" (Emphasis added.) [14]

The circuit court's decision to grant Miller bail pending appeal neither discharged him from, nor terminated, the probationary sentence that was imposed on March 8, 1993. *See* HRS § 706–626(1), *supra* note 13. In *Viloria*, we held that "[a] sentencing court has jurisdiction to revoke a sentence of probation up until the termination of probation." 70 Haw. at 60, 759 P.2d at 1377 (citing *State v. Palama*, 62 Haw. 159, 612 P.2d 1168 (1980)). Nevertheless, HRS § 804–4 was not discussed in either *Viloria* or *Palama* because neither case involved an appeal from the underlying probationary sentence.[15]

After Miller was sentenced to a term of imprisonment as a condition of probation on March 8, 1993, he filed a timely appeal and then sought release on bail pending appeal. In granting Miller's motion for release on bail pending appeal, the circuit court implicitly found that (1) he was not likely to flee or to pose a danger to the safety of any other person or the community if released, and (2)

14. We observe that in appropriate cases the court of record may issue a bench warrant under HRS § 804–7.2 (Supp.1992), which provides in pertinent part that "[u]pon verified application by the prosecuting attorney alleging that a defendant has intentionally violated the conditions of release upon bail, ... the judicial officer ... [of a court of record] shall issue a warrant directing the defendant be arrested and taken forthwith before the court of record for hearing." *See* Hse.Stand.Comm.Rep. No. 1038, in 1987 House Journal, at 1062–63 (clarifying HRS § 804–7.1 by adding the mandatory conditions contained in HRS § 804–7.4 and amending § 804–4 to incorporate federal standards allowing bail after conviction where the defendant's appeal appears meritorious). HRS § 804–7.4 provides in pertinent part:

**General conditions of release on bail.** Any person released on bail ... shall be released subject to the following conditions:
(1) The person shall not commit a federal, state or local offense during the period of release;

(2) The person shall appear for all court hearings unless notified by the person's attorney that the person's appearance is not required; and
(3) The person shall remain in the State of [Hawai'i] unless approval is obtained from a court of competent jurisdiction to leave the jurisdiction of the court.

15. *Viloria* involved a challenge to the circuit courts' jurisdiction to revoke probation and resentence the defendants to another term of probation without credit for time served on the previous probationary sentence. The defendants in *Palama* were convicted and sentenced to probation, then subsequently convicted of crimes committed prior to actual operation of the probationary sentence. The defendants appealed from the latter convictions—as opposed to obtaining release on bail pending appeal of the initial probationary sentence—but the *Palama* court upheld revocation of the initial sentence because the defendants were "convicted of another crime" within the meaning of the statute applicable at that time.

the appeal was not for the purpose of delay and raised substantial questions of law or fact likely to result in reversal. HRS § 804-4, *supra* note 12. Although Miller's claims did not result in reversal, *see supra* section III.A., HRS § 804-4 indicates nonetheless that "without [his] written consent, [Miller could not] be subject to the operation of any sentence passed upon [him] while ... [the appeal was] pending and undetermined[.]"

We now hold that the circuit court did not have jurisdiction to issue a bench warrant based upon the purported violation of a condition of probation, nor could the court revoke Miller's probation on that basis. When a convicted defendant is released on bail pending appeal, the circuit court is temporarily without jurisdiction under the probationary sentence that is the subject of the defendant's appeal; however, the circuit court may enforce or modify the conditions related to the defendant's release on bail pending appeal. *See United States v. Black,* 543 F.2d 35, 37 (Ind.1976) (holding that parallel federal provisions permit the revision of conditions related to a convicted defendant's release on bail pending appeal).

Accordingly, we vacate the circuit court's April 15, 1994 order revoking probation and resentencing Miller to a ten-year term of imprisonment.

### 2.

Based on our resolution of the issues in section III.B.1., *supra,* we need not discuss Miller's remaining arguments.

### IV. *CONCLUSION*

For the foregoing reasons, we affirm in part, vacate in part, and remand for determination of credit due Miller for the time he has already served.