**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000542
27-JUN-2019
08:00 AM**

NO. CAAP-17-0000542

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
HAU PHAN, also known as HAU PHAM,
Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2FC161000394)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Hau Phan, also known as Hau Pham
(Phan) appeals from the Judgment Conviction and Sentence
(Judgment) entered by the Family Court of the Second Circuit
(family court)[1] on June 15, 2017. Plaintiff-Appellee State of
Hawaiʻi (State) charged Phan with Abuse of Family or Household
Member, in violation of Hawaii Revised Statutes (HRS) § 709-906
(Supp. 2016),[2] for an incident that occurred on August 11, 2016.

---

[1]  The Honorable Richard T. Bissen, Jr. presided.

[2]  HRS § 709-906 provides, in relevant part:

> §709-906 **Abuse of family or household members; penalty.**
> (1)  It shall be unlawful for any person, singly or in
> concert, to physically abuse a family or household member or
> to refuse compliance with the lawful order of a police officer
> under subsection (4). The police, in investigating any
> complaint of abuse of a family or household member, upon
> request, may transport the abused person to a hospital or safe
> shelter.
> For the purposes of this section:
> "Family or household member":
> (a)     Means spouses or reciprocal beneficiaries, former

After a jury trial, Phan was found guilty as charged.

On appeal, Phan argues the family court erred by: (1) failing to obtain a knowing, intelligent, and voluntary waiver of Phan's constitutional right not to testify; (2) admitting into evidence State's Exhibit 8 because it constituted double hearsay; (3) admitting into evidence State's Exhibit 9 because its probative value was outweighed by its prejudicial effect; (5) instructing the jury as to jury instructions numbers 13 and 27 because they were prejudicially insufficient, erroneous, inconsistent, or misleading; (6) sentencing Phan to the maximum one-year jail term; and (7) setting Phan's bail pending appeal of his misdemeanor conviction at $50,000. In addition, Phan contends that trial counsel provided ineffective assistance of counsel and that his due process right to a fair trial was violated.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we resolve Phan's points of error as follows.

A.    Pre-Trial Advisement and Ultimate Tachibana Colloquy

Phan argues that the family court's advisements as to Phan's rights to and not to testify were defective for two reasons: (1) the pre-trial advisement was premature and untimely; and (2) both the pre-trial advisement and the ultimate Tachibana[3] advisement were deficient because the family court failed to engage in a "true colloquy" and instead merely recited a litany of rights.

On March 9, 2017, at a hearing on various motions in limine and a motion to admit evidence, the family court administered its pre-trial advisement of Phan's rights to and not

spouses or reciprocal beneficiaries, persons in a dating relationship as defined under section 586-1, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit[.]

[3]    Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995).

2

to testify:[4]

> THE COURT: I want you to know that you have a constitutional right to testify in your own defense. You should consult with your lawyer regarding the decision to testify. However, it is ultimately your decision and no one can prevent you from testifying should you choose to do so. If you decide to testify, the prosecutor will be allowed to cross-examine you.
>     You also have a constitutional right not to testify and to remain silent. If you choose not to testify, the jury will be instructed that it cannot hold your silence against you in deciding your case.
>     If you have not testified by the end of the trial, I will question you to ensure that it was your decision not to testify.
>     Do you have any questions about what I've just explained?
>
> THE DEFENDANT: No, your Honor.
>
> THE COURT: All right. Thank you.

The jury trial began the following Monday, on March 13, 2017.

Following the State's case-in-chief, the defense indicated that Phan would be testifying. Prior to Phan testifying, the family court administered the ultimate <u>Tachibana</u> colloquy, stating:

> THE COURT: All right. Mr. Phan, as I discussed with you before the start of trial, you have a constitutional right to testify in your own defense. Although you should consult with your lawyer regarding the decision to testify, it is your decision, and no one can prevent you from testifying should you choose to do so. If you decide to testify, the prosecutor will be allowed to cross-examine you.
>     You also have a constitutional right not to testify and to remain silent. If you choose not to testify, the jury will be instructed that it cannot hold your silence against you in deciding your case.
>     You understand that, sir?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: And it's your decision to testify in this case?
>
> THE DEFENDANT: Yes, your Honor.
>
> THE COURT: Very good. Let's call in the jury.

Phan first contends that the family court's pre-trial advisement, as required by <u>State v. Lewis</u>, 94 Hawai'i 292, 12 P.3d 1233 (2000), was untimely and premature as it "was provided to Phan four days before trial actually commenced" and therefore

---

[4] The family court asked the parties if there was any objection to administering the pre-trial advisement on this date, rather than administering it on the first day of trial. Defense counsel stated that it did not object.

"the court cannot be assured that Phan actually had an understanding of his constitutional right not to testify at his trial." To the extent Phan is arguing on appeal that the court is required to conduct the pre-trial advisement within a certain period of time before trial, he cites no authority for that proposition and we find none. Lewis merely requires that the advisement occur prior to trial. Id. at 297, 12 P.3d at 1238. Given the record in this case, the timing involved, and that the defense expressly did not object to the timing of the pre-trial advisement, Phan's argument regarding the timeliness of the court's pre-trial advisement is without merit.

Phan next contends that the family court's pre-trial Lewis advisement and ultimate Tachibana colloquy were not true colloquys but were instead mere recitals of a litany of rights without an ascertainment that Phan actually understood each of his rights.

Regarding the pre-trial advisement, the supreme court in Lewis established that trial courts, prior to the start of trial, shall

> (1) inform the defendant of his or her personal right to testify or not to testify and (2) alert the defendant that, if he or she has not testified by the end of the trial, the court will briefly question him or her to ensure that the decision not to testify is the defendant's own decision.

Id. at 297, 12 P.3d at 1238 (emphasis added) (internal quotation marks and citation omitted). Here, in the pre-trial advisement, the family court fully informed Phan of his rights to and not to testify and alerted Phan that, if he had not testified by the end of the trial, the court would question him to ensure that it was Phan's own decision not to testify. The pre-trial advisement thus met the requirements established in Lewis. We therefore conclude that the family court properly conducted the pre-trial advisement under Lewis.

Regarding the ultimate Tachibana colloquy, in Lewis, the Hawai'i Supreme Court also held that an ultimate Tachibana colloquy is not required in cases where a defendant has indicated

4

that he or she does intend to testify.[5]  Lewis, 94 Hawai'i at 296-97, 12 P.3d at 1237-38.  In this case, the defense indicated that Phan would be testifying and Phan did actually testify. Therefore the family court was not required to conduct the ultimate Tachibana colloquy at all and any alleged error associated with the court's colloquy is without merit.

The family court did not err in its pre-trial advisement or the ultimate Tachibana colloquy.  There is nothing in the record to indicate that Phan's decision to testify was anything other than voluntarily, knowingly, and intelligently made.

**B.  Admission of Evidence**

Phan challenges the family court's admission of the Abuse of Family or Household Members Victim Voluntary Statement Form (Victim Statement Form) completed by the complaining witness, Ngoc Vu (Vu), during her statement to police (State's Exhibit 8).  On appeal, Phan argues that the Victim Statement Form constituted inadmissible double hearsay because Vu's employer, Minh Nguyen (Nguyen), assisted Vu by translating between English and Vietnamese.  However, Phan's objection at trial was to the admission of the Victim Statement Form to refresh Vu's memory during her testimony; Phan's objection was not regarding double hearsay.  Therefore, we review the admission of the Victim Statement Form for plain error.  See Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b) (1977) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); Hawai'i Rules of Evidence (HRE) Rule 103(d) (2016) ("Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.").

The State offered the Victim Statement Form into

---

[5]      We note that the Hawai'i Supreme Court recently held in State v. Torres, 144 Hawai'i 282, 292-95, 439 P.3d 234, 244-47 (2019), that a Tachibana colloquy must be given in all trials, including those where the defendant elects to take the stand.  The supreme court expressly stated, however, that this requirement is to be given prospective application "in trials beginning after the filing date of [Torres]."  Id. at 295, 439 P.3d at 247.  Phan's trial occurred prior to the Torres decision and is thus not subject to this requirement.

evidence under HRE Rule 802.1(1)(B) (2016),[6] which "provides for substantive use of most prior inconsistent witness statements" as an exception to the hearsay rule.  Commentary to HRE Rule 613 (2016); see also State v. Canady, 80 Hawai'i 469, 480, 911 P.2d 104, 115 (App. 1996) (stating that HRE Rule 802.1 adopted the federal exception to common law allowing "prior inconsistent statements to be used as substantive proof of the matters asserted in the statement" if the statement's trustworthiness is assured).

In State v. Eastman, 81 Hawai'i 131, 137, 913 P.2d 57, 63 (1996), the Hawai'i Supreme Court outlined the foundational requirements for evidence admitted pursuant to HRE Rule 802.1(1)(B):

> (1) a witness must testify about the subject matter of his or her prior statements so that the witness is subject to cross-examination concerning the subject matter of those prior statements; (2) the witness's prior statements must be inconsistent with his or her testimony; (3) the prior inconsistent statements must be reduced to writing and signed or otherwise adopted or approved by the witness; (4) the prior inconsistent statements must be offered in compliance with HRE Rule 613(b) (1993), which requires that, on direct or cross-examination, the circumstances of the prior inconsistent statements have been brought to the attention of the witness, and the witness has been asked whether he or she made the prior inconsistent statements.

(Footnote omitted.)

Here, Vu's statements in the Victim Statement Form met all the requirements for admissibility as substantive evidence of a prior inconsistent statement:

(1)  At trial, the State directly examined Vu as a witness and elicited testimony from her regarding the night of the incident, the events that led to her injuries on that night, as well as the statements she made in the Victim Statement Form

---

[6]     HRE Rule 802.1 provides, in relevant part:

> **Rule 802.1  Hearsay exception; prior statements by witnesses.**  The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:
> (1) Inconsistent statement.  The declarant is subject to cross-examination concerning the subject matter of the declarant's statement, the statement is inconsistent with the declarant's testimony, the statement is offered in compliance with rule 613(b), and the statement was:
> . . .
> (B)     Reduced to writing and signed or otherwise adopted or approved by the declarant[.]

alleging that Phan injured her. On cross-examination, Vu testified that her injuries were caused by her own actions in pulling away from Phan. Thus, the State made Vu subject to cross-examination by defense counsel regarding the subject matter of Vu's prior statements in the Victim Statement Form. See Canady, 80 Hawai'i at 480-81, 911 P.2d at 115-16 (holding that HRE Rule 802.1(1) requires, "as a guarantee of the trustworthiness of a prior inconsistent statement, . . . that the witness be capable of testifying substantively about the event, allowing the trier of fact to meaningfully compare the prior version of the event with the version recounted at trial").

(2) During Vu's direct examination by the State, Vu testified that Phan did not punch her on the night of the incident. On the Victim Statement Form completed on the night of the incident, however, Vu stated that she was punched. Thus, Vu's prior statements in the Victim Statement Form were inconsistent with her testimony at trial.

(3) The record indicates that Vu's prior statements were reduced to writing in the Victim Statement Form, which she signed. Vu testified at trial that the responses on the form were in her own handwriting and that the initials and the signature were her own.

(4) The circumstances of Vu's prior inconsistent statements were brought to Vu's attention when the State asked her whether she remembered filling out the Victim Statement Form with the police on the night of the incident and whether she made the statements in the Victim Statement Form. Vu answered affirmatively. Thus, the prior inconsistent statements in the Victim Statement Form were offered in compliance with HRE Rule 613(b).

Nguyen's assistance in translating the Victim Statement Form for Vu did not create a layer of hearsay rendering the Victim Statement Form inadmissible as evidence. Although it is clear from the record that Nguyen translated the contents of the

form for Vu from English to Vietnamese,[7] Nguyen's translation of the form to Vu was not an out-of-court statement offered for the truth of the matter asserted and therefore does not constitute hearsay.

It appears from the record before us that the statements in the Victim Statement Form were made by Vu herself. Both Nguyen and Vu herself testified that the form was completed in Vu's handwriting. Vu also testified that in completing the form, "I just saw the words [on the form], so I copied them." To clarify Vu's response, the State asked Vu whether Nguyen had translated the form for her, and Vu responded affirmatively. The State then confirmed whether Vu understood the form in light of Nguyen's translation, and Vu again responded affirmatively. Therefore, it appears that Vu's statements on the Victim Statement Form were hers and hers alone, based on her understanding of the form. It appears Vu's statements on the Victim Statement Form were not translated by Nguyen and therefore do not constitute double hearsay. Thus, we conclude that the family court did not plainly err in admitting the Victim Statement Form into evidence.

---

[7] During direct examination, Nguyen was questioned about the Victim Statement Form as follows:

> Q. And you helped translate for [Vu] during her written statement [to the police]?
>
> A. Yes.
>
> . . . .
>
> Q. Mr. Nguyen, if you could take a look. I'm showing you what has been admitted into evidence as State's Exhibit 8 [Victim Statement Form]. Do you recognize that?
>
> A. Yeah.
>
> Q. And is that the written statement that you helped translate for Ngoc Vu that night?
>
> A. Yeah.
>
> Q. And is that Ngoc Vu's handwriting?
>
> A. Yeah.
>
> Q. And do you remember her reporting that to police?
>
> A. Yeah.

Phan also challenges the family court's admission into evidence of the August 12, 2016 Ex-Parte Petition for an HRS 586 Temporary Restraining Order (TRO Petition) filed by Vu (State's Exhibit 9). The family court admitted the TRO Petition into evidence without any objection from the defense. We therefore review the issue for plain error. See HRPP Rule 52(b).

Under HRE Rule 404(b) (2016), "bad act" evidence is admissible when it is relevant for some purpose other than to show action in conformity therewith. See State v. Renon, 73 Haw. 23, 31-32, 828 P.2d 1266, 1270 (1992). Once relevance is established, the court must then determine whether the probative value is substantially outweighed by the danger of unfair prejudice. HRE Rule 403 (2016). On appeal, Phan contends that the probative value of the prior acts of domestic abuse alleged by Vu in the TRO Petition were substantially outweighed by the danger of unfair prejudice.

In State v. Clark, 83 Hawaiʻi 289, 302, 926 P.2d 194, 207 (1996), the Hawaiʻi Supreme Court held that,

> where a victim recants allegations of abuse, evidence of prior incidents of violence between the victim and the defendant are relevant to show the trier of fact the context of the relationship between the victim and the defendant, where[] . . . that relationship is offered as a possible explanation for the victim's recantation.

Here, Vu recanted her allegations that Phan injured her on the night of the incident. On the night of the incident, Vu reported to the police that Phan "physically hurt, harmed or injured" her, causing injury to her forehead, nose, chin, hand, and knees. At trial, however, Vu testified that her injuries were a result of her accidental fall, that Phan did not punch her, and that she "exaggerated a little bit just to scare [Phan] a little" because she was "partly afraid, partly angry[.]" The prior incidents of domestic violence between Phan and Vu were used by the State to show the jury the context of Vu's relationship with Phan, which was relevant because the relationship was offered as the basis for Vu's recantation at

trial.[8]

        We next determine whether the probative value of the prior bad acts evidence was outweighed by the prejudicial effect.[9]  When weighing probative value against prejudicial effect in the context of an HRE Rule 403 analysis, a court must consider a variety of factors, including:

> the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

State v. Behrendt, 124 Hawai'i 90, 106, 237 P.3d 1156, 1172 (2010) (citation omitted).

        The incidents of Phan's prior violence and Vu's behavior were admissible as probative evidence to show the jury Vu's relationship with Phan, which was offered to explain Vu's recantation of the abuse that was the subject of the charged offense against Phan at trial.  Further, the State emphasized the fact that the February 14, 2016 and July 24, 2016 incidents were unreported.  Thus, the need for the evidence warrants the admission of the prior bad acts evidence and, in light of Vu's inconsistent testimony, the admission of the TRO Petition itself.  As to the prejudicial impact of the evidence in the TRO Petition, the family court instructed the jury in Jury Instruction 24:

> You have heard evidence that the Defendant at another time, may have engaged in other acts.  You must not use this evidence to conclude that the Defendant is a person of bad

---

[8]     At trial, the family court confirmed that the State could question Vu as to the prior incidents of violence and the State clarified that it would only bring in the TRO Petition itself if Vu's responses to the State's questioning was inconsistent with what she had reported in the TRO Petition. With regard to the admission of the TRO Petition itself, the family court properly admitted the document as a prior inconsistent statement under HRE Rule 802.1.  Vu testified that on February 14, 2016, Phan threw a vase in her direction but it did not hit her.  Vu also testified that on July 24, 2016, Phan did not slap her face nor did he punch her in the chest.  The TRO Petition was admitted to show that Vu had previously reported that on February 14, 2016, Phan threw a flower vase at her face and left a bump and a bruise, and on July 24, 2016, Phan slapped her face and punched her in the chest.

[9]     We note that the family court did not conduct an HRE Rule 403 analysis on the record.  However, that is not to say that the family court failed to engage in such analysis.  State v. Bates, 84 Hawai'i 211, 228, 933 P.2d 48, 65 (1997) ("[W]e are unaware of any precedent[] . . . requiring a trial court to state for purposes of the record, the balancing of competing interests under HRE Rule 403.  In the absence of this requirement, it cannot be inferred that by reason of this 'on the record' omission, the court failed to engage in the requisite balancing.").

> character and therefore must have committed the offenses [sic] charged in this case. The evidence is being allowed to provide you with the context of the relationship between the complaining witness and the defendant and to give you a possible explanation for the complaining witness's differing testimony in court and for no other purpose.

This instruction alleviated any risk of prejudice potentially caused by the admission of the TRO Petition. See State v. Asuncion, 110 Hawai'i 154, 166-67, 129 P.3d 1182, 1194-95 (App. 2006). Thus, the probative value outweighed any prejudicial effect and the family court did not plainly err in admitting the TRO Petition into evidence and in further allowing the State to cross-examine Vu and Phan as to the prior incidents of violence that were the subject of the TRO Petition.

## C. Jury Instructions

Phan next argues that Jury Instructions 13 and 27 were prejudicially insufficient. No objection was made to either of these jury instructions below.

> When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading. Erroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial. [However, e]rror is not to be viewed in isolation and considered purely in the abstract. It must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled. In that context, the real question becomes whether there is a reasonable possibility that error might have contributed to conviction. If there is such a reasonable possibility in a criminal case, then the error is not harmless beyond a reasonable doubt, and the judgment of conviction on which it may have been based must be set aside.

State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (brackets in original) (quoting State v. Gonsalves, 108 Hawai'i 289, 292-93, 119 P.3d 597, 600-01 (2005) (internal citations, quotation marks, indentations, and paragraphing omitted; bracketed material added)).

> Jury Instruction 13 provided as follows:
>
> Several times in the trial, I have told you that certain evidence was allowed into this trial for a particular and limited purpose. When you consider that evidence, you must limit your consideration to that purpose.

Phan contends that Jury Instruction 13 was prejudicially insufficient because "it failed to clearly instruct the jury that

the extrinsic evidence concerning the complainant's inconsistent statements was admissible only for purposes of impeachment and not substantive evidence of Phan's guilt." Phan further contends that the family court also failed to give any other separate instruction clarifying this point for the jury.

Contrary to Phan's contention, we find that the family court sufficiently provided a limiting instruction to the jury regarding the prior bad acts evidence. As discussed *supra*, the family court read Jury Instruction 24, which clearly instructed the jury of the limited purpose for the extrinsic evidence and that it was not to be used as substantive evidence of Phan's guilt in this case. We conclude that, in light of the family court giving Jury Instruction 24, Jury Instruction 13 was not prejudicially insufficient. See State v. Gomes, 93 Hawai'i 13, 18, 995 P.2d 314, 319 (2000) ("When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading[.]" (citation and quotation marks omitted)).

Jury Instruction 27 was the general unanimity instruction and provided as follows:

> The law allows the introduction of evidence for the purpose of showing that there is more than one act upon which proof of an element of an offense may be based. In order for the prosecution to prove an element, all twelve jurors must unanimously agree that the same act has been proved beyond a reasonable doubt.

Phan contends that Jury Instruction 27 was prejudicially insufficient and misleading because "it failed to clearly instruct the jury that it must be unanimous with respect to both the specific conduct that caused the physical abuse and the specific bodily injury." Phan further contends that the State alleged multiple acts undertaken by and injuries caused by Phan to Vu, and the State failed to specify: (1) which act constituted the "conduct" element of the charged offense; and (2) which injury constituted the "result of conduct" element of the charged offense.

In support of his argument, Phan relies on State v. Arceo, 84 Hawai'i 1, 32-33, 928 P.2d 843, 874-75 (1996), where

12

the Hawai'i Supreme Court established that

> when separate and distinct culpable acts are subsumed within a single count charging a sexual assault—any one of which could support a conviction thereunder—and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the "conduct" element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, i.e., an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt.

Arceo does not support Phan's argument. Arceo does not require a unanimity instruction regarding a specific bodily injury or which injury resulted from certain conduct. Moreover, in State v. Aki, 102 Hawai'i 457, 77 P.3d 948 (App. 2003), cert. denied, 102 Hawai'i 526, 78 P.3d 339 (2003), we addressed a similar issue where the defendant was charged with one count of Abuse of Family or Household Members but there were separate and distinct acts upon which the charge was brought. In Aki, there were two acts: "(1) Aki, with an open hand, pushed Clark in the mouth, and (2) Aki grabbed and pulled Clark's hair." Id. We held that "[i]n a case like this involving an offense like this, the focus is on the single incident of culpable conduct, and not on its component acts, and the Arceo doctrine simply does not apply." Id.

The facts of this case are similar to those in Aki. The State charged Phan as follows:

> That on or about the 11th day of August, 2016, in the County of Maui, State of Hawaii, HAU PHAN, also known as HAU PHAM did intentionally, knowingly or recklessly engage in and cause physical abuse of a family or household member, to wit, Ngoc Vu, thereby committing the offense of Abuse of Family or Household Member in violation of Section 709-906 of the Hawaii Revised Statutes.

The State asserted during trial that Vu "struck her head on the ground when [Phan] pulled her back towards the car" and Phan "dragged [Vu] on the ground, scraping her knees." Although these are two separate acts, the focus of the offense of Abuse of Family or Household Members is on the single incident of culpable conduct and the Arceo doctrine is not applicable. Id. Accordingly, the general unanimity instruction was sufficient,

13

and the family court did not plainly err in failing to give the jury a specific unanimity instruction explaining that all twelve members had to agree that the same underlying criminal act and the same corresponding injury had been proved beyond a reasonable doubt.

**D.   Sentencing**

Phan argues that the family court abused its discretion in imposing the maximum one-year jail term despite Vu's position in favor of leniency for Phan.[10]

> A sentencing judge generally has broad discretion in imposing a sentence.  The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision.  Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions.  And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Mundon, 121 Hawai'i 339, 349, 219 P.3d 1126, 1136 (2009) (citations omitted).

We find no plain and manifest abuse of discretion in the family court's decision to sentence Phan to the maximum one-year jail term.  In sentencing Phan, the family court considered the sentencing factors set forth in HRS § 706-606 (2014).[11]

---

[10]   Prior to trial, Vu had submitted a request to withdraw the prosecution.  After the jury verdict, Vu submitted a letter of support on behalf of Phan for the court's consideration in sentencing, asking the court to be lenient and to "give him a second chance[.]"

[11]   HRS § 706-606 provides:

> §706-606 **Factors to be considered in imposing a sentence.**  The court, in determining the particular sentence to be imposed, shall consider:
>    (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;
>    (2)   The need for the sentence imposed:
>       (a)   To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>       (b)   To afford adequate deterrence to criminal conduct;
>       (c)   To protect the public from further crimes of the defendant; and
>       (d)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>    (3)   The kinds of sentences available; and
>    (4)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found

After considering these factors, the family court determined that the one-year term was the appropriate sentence. The only argument that Phan raises on appeal is essentially that Vu implored the family court to be lenient. Although Vu's letter may be relevant to a determination of the factors, no single factor is dispositive and the trial court is given broad discretion in affording weight to the various factors. See, e.g., State v. Kong, 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013) (weight afforded to sentencing factors is generally left to the discretion of sentencing court); State v. Rauch, 94 Hawaiʻi 315, 328, 13 P.3d 324, 337 (2000) (HRS § 706-606 requires the sentencing court to weigh and balance various factors and does not indicate that any given factor is dispositive). Accordingly, the family court did not abuse its discretion in sentencing Phan to a one-year sentence.

## E.    Bail

Phan argues that the family court's refusal to continue Phan's $2,000 bail pending appeal and decision to instead increase the bail amount to $50,000 violated HRS § 804-4 (2014) and the holding in State v. Kiese, 126 Hawaiʻi 494, 273 P.3d 1180 (2012).[12]

HRS § 804-9 (2014) provides that "[t]he amount of bail rests in the discretion of the justice or judge[.]" The

---

guilty of similar conduct.

[12]    In Kiese, the Hawaiʻi Supreme Court held:

> Although stays are discretionary under HRS § 641-14, HRS § 804-4(a) provides, "The right to bail shall continue after conviction of a . . . petty misdemeanor[.]" See also HRS § 804-4(b) ("No defendant entitled to bail, . . . shall be subject, without the defendant's written consent, to the operation of any sentence passed upon the defendant, while any proceedings to procure a review of any action of the trial court . . . are pending and undetermined, except as provided in section 641-14(a)[.]"). In State v. Ortiz, we held, "An accused misdemeanant, petty misdemeanant, or law violator on bail is entitled to bail as a matter of right after conviction and pending appellate review." 74 Haw. 343, 356, 845 P.2d 547, 553 (1993). Furthermore, pursuant to State v. Miller, 79 Hawaiʻi 194, 200-01, 900 P.2d 770, 776-77 (1995), once release on bail pending appeal is secured, a trial court is without jurisdiction under the sentence of probation that is the subject of the defendant's appeal.

126 Hawaiʻi at 510, 273 P.3d at 1196.

sentencing judge therefore has clear authority to increase a defendant's bail pending appeal. The determination of bail under HRS § 804-9 must be made "on an individualized basis[,]" Pelekai v. White, 75 Haw. 357, 366, 861 P.2d 1205, 1210 (1993), and bail is to be fixed in a reasonable amount, considering the financial status of the defendant and the punishment to be imposed upon him on conviction, Sakamoto v. Won Bae Chang, 56 Haw. 447, 451, 539 P.2d 1197, 1200 (1975). See also HRS § 804-9 ("In all cases, the officer letting to bail should consider the punishment to be inflicted on conviction, and the pecuniary circumstances of the party accused.").

In State v. Henley, 136 Hawai'i 471, 481, 363 P.3d 319, 329 (2015), the Hawai'i Supreme Court held that the trial court abused its discretion when it increased Henley's bail pending appeal from $200 to $2,000 without tailoring the amount to Henley's individual circumstances. The supreme court noted that

> [a]lthough Henley's right to bail continued post-conviction, the circuit court had the authority to change the amount of bail post-conviction pursuant to its discretionary authority under HRS § 804-9. In exercising its discretion, it was required by HRS § 804-9, governing the amount of bail, to "consider the punishment to be inflicted on conviction, and the pecuniary circumstances of the party accused."

Id. at 480-81, 363 P.3d at 328-29. Regarding the punishment to be imposed upon Henley on conviction, the trial court initially set bail at $200 when Henley was facing the possibility of one year in jail. Id. at 481, 363 P.3d at 329. The trial court ultimately sentenced Henley to 30 days' imprisonment but increased bail to $2,000, to be paid in cash only. Id. Regarding Henley's pecuniary circumstances, Henley was nineteen years old and was determined to be indigent. Id. The supreme court ultimately held that the trial court did not make any findings about Henley's individual circumstances that would have justified an increase in bail and instead, "at its core, the bail increase was based simply on the fact that defendant had been convicted, sentenced to jail, and had allegedly 'recently' arrived in Hawai'i, despite his family having settled here." Id.

In State v. Gishi, No. CAAP-13-0003756, 2016 WL 1601041, at *3 (Haw. App. March 31, 2016) (SDO), Gishi was found guilty of felony assault. We held that the trial court did not

16

abuse its discretion when it raised Gishi's bail based on the "egregious nature of his offense" and the trial court's findings that Gishi "not only poses a flight risk but he poses more so a danger to the community . . . ." Id.

In this case, the family court reasoned that Phan posed a high flight risk and risk of danger to the community based on several factors: (1) Phan's extensive criminal record in several states, which he failed to disclose during his pre-sentence investigation and report interview; (2) Phan had a pending extradition warrant from the State of Washington; (3) the U.S. Department of Homeland Security, Immigration and Customs Enforcement had a pending warrant of removal against Phan; (4) Phan had previously failed to appear at a pretrial/trial setting conference in this case, where his $1,000 bail was forfeited and his bail increased to $2,000. As to Phan's pecuniary circumstances, the family court considered the fact that Phan was gainfully employed.

Furthermore, defense counsel requested that bail be set at $10,000 while the State requested that bail be set at $100,000. The family court ultimately set bail pending appeal at $50,000, to assure that Phan "will surrender and serve his one-year jail should his conviction and sentence be affirmed on appeal."

Based on this record, we conclude that the family court did not abuse its discretion in considering the factors under HRS § 804-9 and deciding to increase the amount of Phan's bail pending appeal to $50,000.

**F.    Ineffective Assistance of Counsel**

Phan bases his claim of ineffective assistance of counsel only on trial counsel's failure to object to the admission of the TRO Petition under HRE Rule 403. In light of our disposition of Phan's point of error regarding the family court's admission of the TRO Petition, we need not address Phan's contention of ineffective assistance of counsel.

**G.    Right to a Fair Trial**

Phan argues that the cumulative effect of the errors discussed *supra* deprived him of a fair trial. However, in light

17

of our disposition of Phan's alleged errors, we conclude that Phan was not deprived of a fair trial.

Based on the foregoing, we affirm the Judgment Conviction and Sentence entered by the Family Court of the Second Circuit on June 15, 2017.

DATED:  Honolulu, Hawai'i, June 27, 2019.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge